## CHAPMAN *vs.* SKELLIE *et al.*

1. The copy of the note sued on, attached to the declaration, may be amended so as to conform to the original.

2. A written instrument, though not good as a mortgage, may still form a part of the contract in which the note sued on was given, and as such follow the transfer of the note, and be admissible against the maker to show his agreement to pay counsel fees for collection, and not to plead failure of consideration.

3. Where the maker of a note agreed not to plead failure of consideration, unless he should give written notice to the holder on July 1st, in a suit after that date such plea should allege that notice was given or it will be demurrable. Besides, this plea was not verified.

Amendment. Mortgage. Contracts. Evidence. Promissory notes. Before Judge SIMMONS. Crawford Superior Court. March Term, 1879.

To the report contained in the decision it is only necessary to add that the note and written instrument which formed the basis of this suit were as follows:

"$30.00.                    FORT VALLEY, April 11th, 1877.

"On November 1st, after date, I promise to pay Cubbedge, Hazle-hurst & Co., or order, thirty dollars, at Fort Valley, Ga. Value received. If not paid at maturity, to bear interest at the rate of twelve per centum per annum.

(Signed)        L. O. CHAPMAN, [L. S.]"

"(Indorsed to Skellie *et al.*)

"GEORGIA—Houston County.

"Having this day made a certain note for the sum of thirty dollars, payable to Cubbedge, Hazlehurst & Co., and due November 1st, 1877, for value received, I hereby, for the purpose of securing said note and all expenses incurred for collection of the same, create and give to the said Cubbedge, Hazlehurst & Co. a mortgage on the following personal property now on —— plantation, in —— county, to-wit: —— And I agree to pay all expenses incurred in the collection of this note by law. It is understood and agreed, that at any time before the maturity of said note, the same may be paid or discharged by the delivery of 225 pounds middling cotton, said cotton to be ginned, baled and delivered in good merchantable order at Fort Valley, Ga. If said note is not promptly paid at maturity, then I lose the cotton option as above set forth. It is further stipulated and agreed, that I will not plead a failure of consideration on the note described in this mortgage, unless I give the holders or their agents written notice of such failure on the first day of July, 1877.

"In witness whereof I have set my hand and seal this eleventh day of April, 1877.

(Signed)        L. O. CHAPMAN, [L. S.]

"Signed, sealed and delivered ⎱
 in presence of J. M. GRAY." ⎰

R. D. SMITH, for plaintiff in error.

MILLER & COLLIER, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs on a promissory note against the defendant for the sum of $30.00, payable to the order of Cubbedge, Hazlehurst & Co., and indorsed by them to the plaintiffs, dated April 11th, 1877, and due November 1st after date. There was an

instrument in writing attached to the plaintiffs' declaration signed by the defendant, which appears to have been intended as a mortgage to secure the payment of said note, but there was no property specified in it, so as to make it a valid mortgage. The defendant made a motion to dismiss the plaintiffs' declaration at the trial, because the word "order" was omitted in the copy note attached thereto. The court overruled the motion, and allowed the word order to be inserted in the copy note by way of an amendment, and the defendant excepted.

The court also allowed the plaintiffs' counsel to write across the face of said copy note the indorsement, as the same appeared on the original note, over the objection of defendant, to which he also also excepted. The defendant objected to the introduction of the paper purporting to be a mortgage in evidence, on the grounds that it was not payable to the plaintiffs, and there had been no assignment or transfer of it to them, and because it was no mortgage ; but the instrument contained the following stipulations : " I agree to pay all expenses incurred in the collection of this note by law, and that I will not plead a failure of the consideration of said note, unless I give the holders, or their agents, written notice of such failure on the first day of July, 1877." Which objections were overruled, and the defendant excepted. The defendant pleaded that "the consideration for which said note was given had totally failed, and was illegal and void, for that the same was given for the purchase of one thousand pounds of a commercial fertilizer, known as 'Whann's guano,' and that said fertilizer had never been inspected or analyzed by a chemist or inspector of fertilizers of the state of Georgia duly appointed, nor had said fertilizer ever been stamped or branded as required by law." The court, on motion of plaintiffs' counsel, struck the defendant's plea, and the defendant excepted. This plea of the defendant was not sworn to, nor had the defendant filed any other plea under oath. The jury found a ver-

dict for the plaintiffs for the sum of $30.00 and interest, and ten per cent. for collection.

1. There was no error in overruling the defendant's motion to dismiss the plaintiffs' declaration, nor in allowing the copy note attached to the plaintiffs' declaration to be amended so as to correspond with the original.

2. Although the written instrument attached to the note was not a mortgage, still it was a part of the contract for which the note was given, and followed the transfer of the note, and was admissible in evidence in favor of the holder of the note against the defendant, to prove his agreement as stipulated therein in relation to the payment of the note, and his defense thereto by way of plea.

3. There was no error in striking the defendant's plea, because it failed to allege that the defendant had given the plaintiffs, or their agents, written notice of the failure of consideration of the note on the first day of July, 1877, as stipulated in his written agreement attached to the note as a part thereof. Besides, the defendant's plea was not sworn to, and if there was any error committed by the court, it was in submitting the case to the jury instead of awarding judgment for the plaintiffs, there being no issuable defense filed under oath, but there was no exception taken to the verdict on that ground, and no motion made for a new trial.

Let the judgment of the court below be affirmed.