## 8556. DUCROS v. PEOPLES DRUG STORE.

</div>

The court erred in overruling the demurrer to the defendant's plea.

<div align="center">

DECIDED JANUARY 22, 1918.

</div>

Complaint; from city court of Fort Gaines—Judge Turnipseed. February 12, 1917.

*P. C. King, L. M. Rambo,* for plaintiff.

*Zach. Arnold, A. L. Miller,* for defendant.

BLOODWORTH, J. Robert Ducros, as transferee for value and before due, brought suit on a note against "S. D. Coleman, trading under the name and style of the Peoples Drug Store." This note was given to the Georgia Show Case Company on January 14, 1914, and became due July 14, 1914. It stated that it was one of a series of notes given for certain shelving, counters, cases, etc., described, and contained a clause as follows: "It is agreed that title to the property mentioned shall remain in the Georgia Show Case Company until fully paid for in cash, and that a retention of the property forwarded, after 30 days from date of shipment, shall constitute an acceptance, be a conclusive admission of all representations made by or for the Georgia Show Case Company, and void all its contracts of warranty, expressed or implied." The defendant denied liability, denied that the plaintiff was an innocent holder for value, and further pleaded that the goods were purchased on January 3, 1913 (1914?), at which time he was induced by the fraudulent acts of the representative of the

Georgia Show Case Company to sign a contract of purchase in which was a clause similar to the 30-days clause quoted above, and "that said agent represented to said defendant that the notes would follow the terms of the contract, and defendant, also relying on said representations of agent, signed said notes, and that he did not have an opportunity of fully examining said notes." The notes were signed eleven days after the contract. The plea was a lengthy one, with numerous paragraphs containing allegations of fraud "made to induce the purchase of said goods." The plaintiff filed demurrers, both general and special. The special demurrers attacked practically every paragraph of the answer, some of them as mere conclusions, some as being indefinite and lacking in fullness, others as "an attempt of the pleader to be relieved of his own negligence in failing to read the contract therein referred to, there being no sufficient reason pleaded in said paragraphs or elsewhere in said amendment, to excuse the defendant from reading," and others "upon the ground that the same is an attempt to add to and vary the terms of the written contract sued upon," and still others, including the entire original answer, "upon the ground that by the terms of the contract sued upon, and to which the defendant refers in his answer, the defendant was estopped to plead the falsity of any misrepresentations or the breach of any warranty, if he retained the property longer than thirty days after the same was shipped." (The ground of the demurrer that the amended answer was not sworn to was specifically waived and abandoned in the brief of counsel for the defendant in error.)

1. The court erred in overruling the demurrer, and the subsequent proceedings were nugatory, because:

(a) The plea does not show that even when the contract was signed there was such an emergency as would excuse the defendant from reading it, nor does the plea show any confidential or fiduciary relation between the parties, nor was the failure of the defendant to read the contract brought about by any misleading artifice or device perpetrated by the opposite party, amounting to actual fraud, such as would reasonably prevent the party signing the instrument from reading it. *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (94 S. E. 892); *Radcliffe* v. *Biles,* 94 *Ga.* 480 (2) (20 S. E. 359); *Jossey* v. *G. S. & F. Ry. Co.,* 109 *Ga.* 439, 446 (34 S. E. 664); *Walton Guano Co.* v. *Copelan,* 112 *Ga.* 319 (37

S. E. 411, 52 L. R. A. 268) ; *Georgia Medicine Co.* v. *Hyman,* 117 *Ga.* 851 (45 S. E. 238) ; *Harrison* v. *Wilson Lumber Co.,* 119 *Ga.* 6 (2) (45 S. E. 730) ; *Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915). The note sued on was signed eleven days after the contract referred to above. There is no allegation in the plea that at the time the note was signed any emergency existed which caused the defendant to sign without reading, nor is there any allegation that at that time any fraud was practiced upon him. "One able to read, who executed a written contract without reading it, can not avoid liability thereon because he signed without knowing the contents of the contract, when his so doing was not induced by any action or representation amounting to fraud on the part of the person with whom he was dealing." *Georgia Medicine Co.* v. *Hyman,* supra; *Parker* v. *Parrish,* 18 *Ga. App.* 258 (2) (89 S. E. 381). Absolutely nothing in the way of defense is presented by the following allegations of the plea: "That at the time the said goods were shipped the Show Case Company sent the notes sued on to the First National Bank, and defendant had to sign same and pay the amounts named in original plea before he could inspect said goods; that said agent represented to said defendant that the notes would follow the terms of the contract, and defendant, also relying on said representations of agent, signed said notes, and that he did not have an opportunity of fully examining said notes."

(b) In the plea there is no allegation that the defendant did not retain the property "after thirty days from date of shipment;" and the contract expressly provides that such retention "shall constitute an acceptance, be a conclusive admission of all representations made by or for the Georgia Show Case Company, and void all its contracts of warranty, express or implied." *Brooks Lumber Co.* v. *Case Threshing Machine Co.,* 136 *Ga.* 754 (2) (72 S. E. 40), and cases cited; *Walker* v. *Malsby Co.,* 134 *Ga.* 399 (67 S. E. 1039) ; *Chapman* v. *Skellie,* 65 *Ga.* 124 (3) ; *Case Threshing Machine Co.* v. *Cook,* 7 *Ga. App.* 631 (67 S. E. 890) ; *City of Moultrie* v. *Schofield's Sons Co.,* 6 *Ga. App.* 464 (65 S. E. 315). Nor is there in the plea any allegation that the defects were latent and concealed, and of such a character that their existence could not be ascertained within said thirty days, and that the seller, knowing of such defects, fraudulently concealed them from the defendant.

See *Beasley* v. *Huyett & Smith Co.*, 92 *Ga.* 273, 274 (18 S. E. 420); *Tinsley* v. *Gullet Gin Co.*, supra.

(c) The allegations in the plea as to fraud are not definite and specific, and are mere "glittering generalities." "A plea alleging fraud, but not alleging specific acts constituting fraud, should be stricken on demurrer." *Carroll* v. *Hutchinson*, 2 *Ga. App.* 60 (58 S. E. 309); *City of Moultrie* v. *Schofield's Sons Co.*, supra; *Daniel* v. *Burson*, 18 *Ga. App.* 25 (88 S. E. 745); *Parrott* v. *Smith*, 135 *Ga.* 329 (2) (69 S. E. 552).

2. Judging from certain statements made in the brief of counsel for the defendant, the allegations in the plea as to fraud, and the allegations as to the defects being latent and not discoverable by the defendant within 30 days from date of shipment, but known to the vendor and fraudulently concealed, are not as definite as the facts would authorize. We do not think it improper to call the defendant's attention to the right to amend the plea at any time before the judgment of this court is made the judgment of the trial court. *Augusta Ry. Co.* v. *Andrews*, 92 *Ga.* 706 (19 S. E. 713); *Savannah, Fla. & W. Ry. Co.* v. *Chaney*, 102 *Ga.* 814 (30 S. E. 437); *Charleston & Western Carolina Ry. Co.* v. *Miller*, 115 *Ga.* 92 (41 S. E. 252); *Hillis* v. *Comer*, 16 *Ga. App.* 653 (85 S. E. 931).

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*