9735. ROBINSON *v.* WOODRUFF MACHINERY MANU-
FACTURING CO.

1. Defects in machinery purchased were no ground for defense to an action on promissory notes for the purchase-money, where a written agreement between the parties, made at the time of the execution of the notes, provided that no complaint should be made by the purchaser after being in possession of the machinery thirty days, and he was in possession of it thirty days under the contract, and it did not appear that he made any complaint as to the machinery during that time.

2. The request to award damages against the plaintiff in error, as provided by the Civil Code, § 6213, for bringing the case to this court for delay, is denied.

DECIDED FEBRUARY 12, 1919.

Complaint; from city court of Nashville—Judge Christian. April 9, 1918.

*J. W. Powell,* for plaintiff in error.  *W. R. Smith,* contra.

BLOODWORTH, J.  1. J. M. Robinson gave to Woodruff Machinery Manufacturing Company three notes for the purchase-price of certain machinery.  Title to the property was reserved in the vendor.  Robinson signed a separate agreement of even date with the notes, containing the terms and conditions of the sale, one clause of which is as follows: "It is hereby agreed and understood by both lessor and lessee that no complaint shall be made by the lessee after he has been in the possession of the machinery thirty days."  Robinson having failed to pay the notes, an attachment against him was issued and levied on the property, and a declaration in attachment filed.  Robinson filed a plea in which he admitted signing the notes, but denied indebtedness, and alleged fraud and failure of consideration.  The case proceeded to trial, and a verdict in favor of plaintiff was directed by the court.  The bill of exceptions assigns error upon the direction of the verdict, and upon the overruling of a motion for new trial, which was based on the general grounds.  There was no plea and no evidence that Robinson made complaint of any kind in reference to the machinery prior to having been in possession thereof for thirty days.  Under numerous decisions of our courts of last resort, under the clause of the contract above quoted, notice before the expiration of the thirty days was a condition precedent to recovery by the defendant, and the trial judge properly directed the verdict and overruled the motion for new trial.  See *Ducros* v. *Peoples Drug Store,* 21 *Ga. App.* 636 (*b*) (94 S. E. 897); *City of Moultrie* v. *Scofield's Sons Co.,* 6 *Ga. App.* 464 (4) (65 S. E. 315); *Brooks Lumber Co.* v. *Case Threshing Machine Co.,* 136 *Ga.* 754 (2) (72 S. E. 40); *Walker* v. *Malsby Co.,* 134 *Ga.* 399 (67 S. E. 1039); *Fay & Eagan Co.* v. *Dudley,* 129 *Ga.* 314 (58 S. E. 826); *International Harvester Co.* v. *Dillon,* 126 *Ga.* 672 (55 S. E. 1034); *Beasley* v. *Huyett & Smith Mfg. Co.,* 92 *Ga.* 273 (18 S. E. 420).

2.  Not being fully convinced that this case was brought to this court for delay only, the request to award 10 per cent. damages against the plaintiff in error, as provided by § 6213 of the Civil Code of 1910, is denied.

*Judgment affirmed.  Broyles, P. J., and Stephens, J., concur.*