(128 So. 649)

## J. A. FAY & EGAN CO. v. ROSELAND BOX CO., Inc.

### No. 30265.

May 5, 1930.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, and Ellis, Ellis & Ellis, of Amite, for appellee.

OVERTON, J.

This is a suit on two promissory notes, each for the sum of $2,622, with 6 per cent. per annum interest thereon from their date, December 29, 1927. The notes were given for the balance of the purchase price of four pieces of machinery, one of which was a Fay and Egan Electric Molder, the price of which was $6,300.

The defense is that the electric molder would not function properly for the purposes for which it was sold. This defense rests upon the alleged facts that before the contract for the purchase of the machines was made the entire matter was gone over fully by defendant and the authorized sales agent of plaintiff, and that it was understood that the purpose in defendant's purchasing the electric molder was to enable it to use a small type of timber and certain pieces of manufactured wood, which it could not otherwise use, and which the machine was represented to be able to manufacture for use as pineapple slats and for other small fruit packages. In this connection, the answer of defendant also sets forth that the machine failed to function for the purposes for which it was sold; that defendant has put plaintiff in default; that, although plaintiff has had ample opportunity to put the machine in a condition to work, it has failed to do so, and that its expert mechanic, at his last visit, conceded, after endeavoring to make the machine function, that it could not be made to work for the purposes for which it was sold.

The four machines were sold by one contract. The contract contains the following provision, to wit: "That this contract shall not be modified or added to by any agreement not expressly stated herein, that in case of rejection of the within described machinery the undersigned shall promptly deliver it in good order to J. A. Fay & Egan Company f. o. b. cars, Cincinnati, Ohio, that a retention of the property forwarded, after 30 days from its arrival at destination shall constitute a trial and acceptance, be a conclusive admission of the truth of all representations made by or for the vendor and a fulfillment of all its contracts of warranty express or implied."

On the trial of the case on the merits, plaintiff offered evidence to establish its de-

mand. This evidence consisted of the notes sued on and the contract of sale, and also the petition and answer. Defendant then placed a witness on the stand, and plaintiff, at the commencement of the witness' examination, objected to any evidence being offered in support of defendant's answer, for the reasons, first, that the contract in this case is a written contract, and parol evidence is not admissible to vary, contradict, or add to it, and, secondly, because the contract specifically mentions a test period, during which time defendant was given the right to return the property, if it was found not to be satisfactory, and provides that a retention of the property for that period shall constitute full compliance with all warranties, express or implied, made by plaintiff, and consequently an allegation that complaint had been made ' during that period was essential to defendant's case. These objections were sustained, and thereupon judgment was rendered in favor of plaintiff.

The correctness of the judgment rendered depends upon the correctness of the ruling, excluding defendant's evidence to substantiate the averments of its answer, the ruling being based upon the theory that defendant had set forth no valid or provable defense.

■■ While the first objection urged, the one made to the introduction of parol evidence to alter or contradict the written contract herein, is unquestionably correct as a proposition of law, yet since, in the absence of an offer to introduce parol evidence for that purpose, the objection was prematurely made, and therefore is of no importance here. The correctness of the ruling therefore depends upon the correctness of sustaining the second objection, touching the failure to return the machine within the 30-day limit, if it proved unsatisfactory.

There is no suggestion in the answer that complaint was made within the thirty days, stipulated in the contract, for a test of the machine, and it is beyond dispute that the machine was not returned to plaintiff, f. o. b. Cincinnati, but at the time of trial was still in defendant's possession. Where the contract provides that notice of defects must be given within a prescribed time or, as is the case here, that, if the machinery does not function satisfactorily, it must be returned within a prescribed time from its receipt, or else the failure so to comply with the contract will be a conclusive admission of the fulfillment of all warranties, express or implied, it is a condition precedent to the defeat of the demand for the purchase price, upon the ground of the failure of the machine or other property to comply with the warranties, that such a provision in the contract must be complied with.

Thus, in the case of Robinson v. Woodruff Machinery Manufacturing Co., 23 Ga. App. 426, 98 S. E. 405, where the contract contained a provision reading that "it is hereby agreed and understood by both lessor and lessee that no complaint shall be made by the lessee after he has been in the possession of the machinery 30 days," it was held: "There was no plea and no evidence that Robinson made complaint of any kind in reference to the machinery prior to having been in possession thereof for 30 days. Under numerous decisions of our courts of last resort, under the clause of the contract above quoted, notice before the expiration of the 30 days was a condition precedent."

In the case of J. A. Fay & Egan Company v. Meredith, 36 Ga. App. 506, 137 S. E. 409, 411, where a contract, similar to the one here under consideration, was passed upon, it was held: "Where a written contract for the sale

of particularly described machinery, generally referred to in the contract as a 'planer and matcher' and a 'trimmer,' expressly provides that in case of rejection of the property the purchaser will deliver it to the seller f. o. b. Cincinnati, and that this contract "is not modified or added to by any agreement not expressly stated herein, and that a retention of the property forwarded, after 30 days from its arrival at destination, shall constitute a trial and acceptance, and be a conclusive admission of the truth of all representations made by or for the consignor (seller), and a fulfillment of all its contracts of warranty expressed or implied,' the purchaser, who has retained the property for more than 30 days after its arrival at destination although in the meantime he may have given to the seller notice of certain alleged defects in the property and of his dissatisfaction with the property by reason of such defects, has, by the terms of the contract, accepted the property and waived any right to call upon the seller for damages for a breach of any of the warranties, express or implied. [Citing] Fay & Eagan Co. v. Dudley & Sons, 129 Ga. 314, 58 S. E. 826." To the same effect are J. A. Fay & Eagan Co. v. Crowell, 182 N. C. 532, 109 S. E. 562; Rowe v. Emerson-Brantingham Implement Co., 61 Mont. 73, 201 P. 316; Berlin Machinery Works v. Marbury Lumber Co., 146 Ala. 542, 40 So. 951; Ducros v. People's Drug Co., 21 Ga. App. 634, 94 S. E. 897.

■■ The foregoing authorities clearly establish that the failure to return the machine within the time prescribed must be deemed, as provided in the contract, which is the law between the parties, a trial and acceptance of the machine, a conclusive admission of the truth of all representations made by or for plaintiff, and a fulfillment of all its contracts of warranties, expressed or implied.

■ However, defendant urges that the clause in the contract, relative to the failure to return the machine within the time specified, if it proved unsatisfactory, is not a waiver of the warranty, imposed by law, to the effect that the thing sold is suitable for the purposes intended, since the clause, with reference to warranties, refers only to contractual warranties. Strictly speaking, the clause does not waive any warranties, but limits them to a fixed period. But be that as it may, the legal warranty as to the fitness of the thing for the purposes intended is imposed because of some expressed or implied representation as to the suitableness of the thing for the purposes intended. Hence, the warranty cannot be successfully invoked if it appear that the expressed or implied representation upon which the warranty rests appears to have been fulfilled. The clause expressly operates as an admission of the truth of all representations made by or for the vendor, when the machine is retained beyond the 30-day period. With this admission in force it is impossible to invoke successfully the legal warranty.

■ Defendant also urges that plaintiff waived the 30-day limitation of the warranties in a letter, written after the expiration of that period, by advising defendant that it would not insist upon any payment on the notes sued upon until the molding machine was working to defendant's satisfaction. This letter was not received in evidence, but was excluded presumably together with defendant's other evidence. It is found attached to a motion for a new trial. The letter, however, is of no avail to defendant, for defendant does not set forth a waiver of the 30-day period. It should have pleaded the alleged waiver, if it wished to avail itself of it. International Harvester Co. v. Burch (Mo. App.) 213 S. W. 493.

It is also urged that plaintiff, by seeking from time to time, after the expiration of the 30-day period, to make the machine operate successfully on the particular material which defendant desired to use, and which, it is contended, plaintiff sold it to operate upon, thereby waived the 30-day limitation. However, such action is not inconsistent with an intention to adhere to the period named, and, in our view, did not constitute a waiver. J. A. Fay & Egan Co. v. Meredith, 36 Ga. App. 506, 137 S. E. 409.

We fail to find error in the judgment appealed from.

The judgment is affirmed.