### 21669. WATERS *v.* AMERICAN MACHINERY COMPANY.

BELL, J. 1. In a suit for the purchase-price of a planing-mill, sold under a written contract which contained stipulations to the effect that "if anything is found short, broken, defective, or not as specified, notice thereof shall be given, either sent by registered letter or telegram to [the seller], within five days after machinery is received, . . [in order that the seller] may correct same," and that the purchaser "agrees to test the same within five days after received; and if, upon trial, said machinery should not prove as herein represented, [the purchaser] expressly agrees to give immediate notice by prepaid telegram or registered letter to said [seller] and allow [the seller] a reasonable length of time to send a man to adjust said machinery, or remedy the defect, if any exists, and if of such a nature that a remedy can not be suggested by letter;" and that "the use or retention of said machinery, without giving the written notice as herein provided, shall be deemed and construed an acceptance of same, and conclusive evidence that said property is as herein represented;" where the defendant's answer showed that he had retained and used the property for more than five days, and was silent as to whether he had made any complaint within that period, either by letter, telegram, or otherwise, and there was *nothing whatever in the answer to suggest fraud, accident, or mistake* affecting the sale or the execution of the contract, the answer failed to set forth any defense as for a breach of warranty or failure of consideration, or to show any cause for recoupment or the recovery of partial payments made on the purchase-price, or damages of any other kind claimed for a breach of warranty. *McCray Refrigerator Sales Cor.* v. *New,* 42 *Ga. App.* 703 (157 S. E. 370), and cit. See also *Walker* v. *Malsby Co.,* 134 *Ga.* 399 (67 S. E. 1039); *Ducros* v. *Peoples Drug Store,* 21 *Ga. App.* 634 (94 S. E. 897).

2. The court did not err in sustaining the motion to strike the defendant's answer, or in thereafter directing the verdict in favor of the plaintiff as in a case of default.

3. The petition having alleged facts which if proved would have entitled the plaintiff to recover attorney's fees, and the defendant's answer having been properly stricken on demurrer, the case was in default and the allegations of the petition as to attorney's fees were to be taken as proved, and it was unnecessary for the plaintiff to offer evidence in support of the same. *State Mutual Life Ins. Co.* v. *Jacobs,* 36 *Ga. App.* 731 (137 S. E. 905).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 23, 1932.

*J. P. Dukes,* for plaintiff in error.
*Albert L. Cobb, Edwin A. Cohen,* contra.