23404.   BRANCH *v.* COLUMBIA SCALE COMPANY INC.

Decided May 9, 1934.

*R. L. Dawson, M. Price,* for plaintiff in error.
*Raymond Pierce,* contra.

Guerry, J. The Columbia Scale Company of New York brought suit against L. M. Branch on a note dated May 22, 1929, in the sum of $195, payable in installments of $15 each, beginning July 15, 1929.   On the date of the execution of the note Branch signed an order to the plaintiff to ship to him one Columbia weighing scale, "with the understanding that I may return it to you with or without reason at any time within thirty days after the arrival of the scale, instead of paying the purchase-price.   Should I not ship it back to you as provided   .   .   I will pay you the purchase-price.   .   .   The note below to be void if scale is returned by freight   .   .   in thirty days from date of its arrival."   It was stipulated that New York was to be the place of the contract, and the contract was to be subject to its laws.   The defendant answered, that he bought the scale and it was sold him for the purpose of weighing such customers as might desire to use the same by putting a penny in the slot and having their weight registered; that the scale was absolutely worthless and would not show the cor-

rect weight of customers, on account of its defective workmanship and build, and he had to reimburse all customers who attempted to use the same; that the scale was of no value whatever and not suited for the purposes for which it was intended; that he wanted the scale to operate for his customers; that when its defective condition was discovered he promptly notified plaintiff of such condition, and plaintiff sent a mechanic to put the scale in order, but the mechanic was unable to remedy the defects or make the scale work, because of its defective build; that he used every effort to have plaintiff have the scale placed in a condition in which it would weigh his customers, and that plaintiff failed and refused to do so, and on September 3, 1929, he shipped the scale back to plaintiff. The plaintiff demurred to the answer, on the ground that the buyer had the right to return the scale in thirty days and this was not done; that the contract was one of sale or return, not a contract on trial or approval, and pleaded the New York statute which declares that the contract sued on,—that is, "a sale or return,"—is a sale with an option which must be exercised within the time limit fixed by the order and contract. The demurrer further contended that the defense of implied warranty was not maintainable, for the reason that the buyer had examined the scales and the alleged defects were patent. The court sustained the demurrer and the defendant excepted.

In the construction of contracts lex loci contractus governs. In remedies for the enforcement of contracts lex fori governs. *Davis* v. *DeVaughn, 7 Ga. App.* 324 (66 S. E. 956). The law of Georgia is not essentially different from the law of New York with reference to the present contract. *Sears, Roebuck & Co.* v. *Kitchens, 31 Ga. App.* 574 (121 S. E. 583). The contract was a sale with option in buyer to rescind "with or without reason" within thirty days after the arrival of the scale. It is undoubtedly true that there was a complete contract of purchase and the buyer had no right to refuse, without reason to pay the obligation after thirty days, when the scale had not been returned. We now come to consider whether the plea is good as a plea of total failure of consideration, and whether the defendant by his conduct has waived his right to make such a plea. There is no provision in the contract, as in the cases cited in brief of counsel for defendant in error, that any defects in the articles sold must be called to atten-

tion of the seller within a specified time, or they will be waived by the buyer. *Robinson* v. *Woodruff Machinery Mfg. Co.,* 23 *Ga. App.* 426 (98 S. E. 405); *Waters* v. *American Machinery Co.,* 45 *Ga. App.* 64 (163 S. E. 304); *McCray Refrigerator Sales Cor.* v. *New,* 42 *Ga. App.* 703 (157 S. E. 370); *Ducros* v. *Peoples Drug Co.,* 21 *Ga. App.* 634 (94 S. E. 897). The contract in this case is silent on the question of warranty, and the law therefore implies the warranty. *Elgin Jewelry Co.* v. *Estes,* 122 *Ga.* 807 (50 S. E. 939); Civil Code (1910), § 4135. "Where property is bought under an implied warranty that it is reasonably suited to the use intended, an acceptance by the purchaser waives all defects discovered by him, or which, by ordinary care and prudence, he might have discovered before delivery." *Mansor* v. *Zemurray,* 22 *Ga. App.* 441 (96 S. E. 233); Civil Code (1910), § 4139; *Cook* v. *Finch,* 117 *Ga.* 541 (44 S. E. 95). The defendant signed the notes before the scale arrived, and after it arrived and he discovered the defects he "promptly notified" plaintiff thereof, and plaintiff sent a representative to remedy the same. Defendant pleaded that he did not desire to rescind the contract, but wanted and needed and intended to buy a scale to use. The order or contract in this case is not *one of time limit in which to discover defects in the quali´y of the thing sold, and providing a waiver thereof in the event complaint is not made before the limit expires.* See *Robinson* v. *Woodruff,* supra, and cit. The court below, in sustaining the demurrer, said: "It is also alleged that the plaintiff hired or engaged a man to put the scale in shape, and, from the pleading, this was immediately after the delivery, and the plea alleges that he did not and could not do so; therefore the defendant knew that and should have returned the property, but did not do so."

As stated above, the contract of sale *does not contain a time limit in which defects of quality* must be pointed out and the contract disaffirmed, nor state that an absence of complaint within such time will amount to an acceptance and waiver of defects. *Where no such time limit is fixed,* it usually becomes a question for the jury to determine whether the time of the return and disaffirmance was reasonable, and whether the plaintiff's retention of the property during that time would amount to a waiver of such defects on his part. Even as to contracts providing definite time and means in which complaint must be registered, Powell, J., in *McDaniel* v.

*Mallary Machinery Co.,* 6 *Ga. App.* 848 (66 S. E. 146) said: "Forfeiture of rights is not favored, and the courts will readily seize upon circumstances arising in the subsequent conduct or transactions of the parties and imply a waiver, in order to prevent a forfeiture because of noncompliance with formal prerequisites." In that case the plaintiff, after complaint from defendant by letter which was not registered as required by the contract, sent a representative to attempt to remedy the alleged defect in the goods sold. In discussing this matter Powell, J., said: "It must be held that this conduct amounted to a waiver," that is, of the manner of notification. The present contract, having no time limit as to rejection because of defects as to quality, is governed entirely by the rules applicable to implied warranty, after discovery of defects. "Where machinery is bought for a particular purpose and after its reception it proves, upon trial, not to be adapted to the purpose, but the purchaser retains it, an action for the price can not be defeated upon a plea of total failure of consideration unless the evidence shows that the machinery was wholly valueless for any purpose." *Stimpson Specialty Co.* v. *Parker,* 10 *Ga. App.* 295 (73 S. E. 412) ; *Hardee* v. *Carter,* 94 *Ga.* 482 (19 S. E. 715) ; *Felder* v. *Neeves,* 36 *Ga. App.* 41 (135 S. E. 219). On notice by the defendant to the plaintiff of the alleged defects in the scale, and the sending by the plaintiff of a representative to attempt to remedy such defects, it certainly becomes a matter for determination by a jury whether the continued possession of the scale for such length of time was or was not a waiver of the implied warranty on the part of the defendant, and also whether the time of the return was a reasonable time. *Jesse French Piano & Organ Co.* v. *Barber,* 5 *Ga. App.* 344 (63 S. E. 233). It was error for the court to sustain the demurrer to the plea and direct a verdict for plaintiff.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*