27330.   COLLINS *v.* LAMBERT *et al.*

Decided March 15, 1939.

*W. E. & W. G. Mann,* for plaintiff.   *Hardin & McCamy,* for defendants.

652

STEPHENS, P. J. Loy Collins brought suit against G. E. Kemp and Tom Lambert, a partnership trading as Lambert Motor Company, Dalton Finance Company, a corporation, and Sentinel Fire Insurance Company. The petition was in two counts. The first count alleged that the motor company was engaged in the business of selling automobiles, and in order to finance and insure the cars which it sold created the Dalton Finance Company, in which Lambert and Kemp were officers and owners of a majority of the stock, and operated the company for the purpose of financing their own sales and of collecting carrying charges and insurance which they wrote on a contract with the insurance company; that the business of the three defendants was handled mainly by Kemp who collected the carrying charges and the insurance on a car purchased by the plaintiff from Lambert Motor Company for $375; that in buying the car he exchanged another car for $250, paid the sum of $100, and agreed to pay $...... per month insurance and carrying charges, which charges were added into his contract and collected by Kemp under an agreement with the insurance company; that on January 10, 1938, the car was totally destroyed by fire; that its actual value was $375, and that the policy of insurance was in full force and effect at the time. In the fifth paragraph of the first count of the petition it was alleged that the plaintiff furnished notice of proof of loss to Kemp and Lambert, and to Mr. Farmer, the adjuster for the insurance company, and thereafter, in March, 1938, the adjuster for the insurance company agreed to pay said loss and to make the voucher payable to the motor company and the plaintiff. It was further alleged in count one that the insurance company had failed to pay the plaintiff any amount, but he is advised and believes and charges that the insurance company has paid the finance company and the motor company "some amount on said loss;" that the insurance contract covered the loss by fire up to the actual cash value thereof; that the terms of the policy could not be set out because one of the defendants had the policy and its contents were well known to the defendants, and they were notified to produce the policy on the trial of the case; that the policy was in the hands of the insurance company or one of its agents.

In the second count of the petition it was alleged that the defendants had damaged the plaintiff in the sum of $500 "by reason

of the torts hereinafter set out;" that the motor company had created, fraudulently and collusively, the Dalton Finance Corporation, and a majority of its stock was owned by Lambert and Kemp, and Kemp handled collusively, for the motor company and the finance company, its business, and did so in all of the year 1937, and in furtherance of the scheme to collect insurance premiums and carrying charges, agreed with the insurance company for the motor company and the finance company to collect premiums for loss of cars by fire or otherwise, and issued policies thereon, which was done with the plaintiff who purchased a certain car from the motor company for $375; that the carrying charges in the finance company and the insurance premiums amounted to some $50 which, added to the price of his car, made his note therefor approximately $425; that he was advised that the insurance was with the defendant insurance company, but he was not given a copy of his contract or his policy; that they were retained by the defendants who still have them; that on January 10, 1938, the car was totally destroyed by fire; that the plaintiff notified the motor company thereof, and on their request made proofs of loss to the adjuster for the insurance company who agreed to pay the loss after demand by attorneys for the plaintiff, but said insurance has never been paid to the plaintiff, but as petitioner is advised and believes is held by one of the defendants in furtherance of their collusive scheme to sell cars, collect premiums and carrying charges thereon, and pay out nothing on loss or make any refunds for rescissions of contracts or unearned premiums; that the defendants did, collusively and fraudulently, enter into a scheme and device to obtain the plaintiff's money after purchase of the car, and collect carrying charges and insurance premiums and pay out nothing thereon, that by retaining the contract of purchase and the insurance policy handling said claim of the plaintiff, the defendants, conjunctively, by concerted fraudulent schemes and acts, have defrauded the plaintiff of the sum of $500; that it was a part of the scheme and collusive agreement of the defendants to sell cars, collect carrying charges and insurance, and lull purchasers into the belief that the transaction was bona fide, and then withhold a copy of the contracts and policies which was done in this transaction; that the adjuster of the insurance company had agreed to pay for the loss and make the voucher to the plaintiff and the motor company, but plaintiff has not been

paid anything, and charges this as being a part of the fraudulent scheme and device of the defendants to wrong him.

The defendants filed demurrers, both general and special, to both counts of the petition. The court overruled the general demurrer, sustained two grounds of the special demurrer to the first count, and dismissed the second count on general demurrer. The plaintiff excepted to this judgment and assigned error thereon.

One ground of demurrer, which was sustained, was that there was a misjoinder of parties defendant. The court dismissed the first count as to Lambert Motor Company and Dalton Finance Company. The first count fails to allege, as against the motor company or the finance company, any joint liability with that of the other defendants. *Shingleur* v. *Swift*, 110 *Ga.* 891 (36 S. E. 222); *Osborn* v. *Deboard*, 115 *Ga.* 599 (41 S. E. 985); *Bagwell* v. *Johnson*, 116 *Ga.* 464 (42 S. E. 732). The dismissal of these parties from the case was proper. The demurrer which was to paragraph 5 was sustained. It was alleged in this paragraph that the adjuster of the insurance company had promised to pay for the loss and make the voucher payable to the motor company and the plaintiff. The grounds of demurrer were because it was not alleged that the adjuster of the insurance company had any right or authority to accept proofs of loss or to bind the insurance company with any plan to pay the loss, and because it was not alleged what amount the adjuster agreed to pay. The court can not take judicial notice of the authority of an insurance adjuster, but when called in question it is a matter for proof, and it was not error to sustain this ground of demurrer.

The second count of the petition proceeds in tort with general allegations of fraud and collusion. In cases of this kind general allegations are not sufficient as against demurrer, and it is necessary to set out specific facts constituting the fraud. The specific facts are not set out so as to show that they constituted fraud, or so as to show co-operation on the part of the defendants. Upon this ground the court did not err in sustaining the demurrer to the second count of the petition. *Daniel* v. *Burson*, 18 *Ga. App.* 25 (88 S. E. 745); *Ducros* v. *Peoples Drug Store*, 21 *Ga. App.* 634. (94 S. E. 897).

*Judgment affirmed.* *Sutton and Felton, JJ., concur.*