## 40277.   BRYANT v. MOTORS INSURANCE CORPORATION et al.

DECIDED JANUARY 30, 1964.

*R. L. Carr, Sam Johnson,* for plaintiff in error.

*Sharpe & Sharpe, T. Ross Sharpe, T. Malone Sharpe, Marvin Hartley, Jr., Bouhan, Lawrence, Williams, Levy & McAlpin, Alan S. Gaynor,* contra.

BELL, Presiding Judge. ■ The defendants in this case have filed a motion to dismiss the bill of exceptions and the appeal on the ground that the bill and the record were not timely transmitted and filed with this court as required by law. The ground is based on an attached certificate of the Clerk of the Superior Court of Evans County which in substance states that the delay was occasioned by the negligence of the appellant in failing to request the clerk to prepare, certify, and transmit the record within the required time and in failing to make arrangements for the payment of the preparation of the record and paying for its certification.

There is no merit in the motion to dismiss.

Whatever the rule may be after July 1, 1963, the effective date of the Act of 1963, Ga. L. 1963, pp. 368-369, amending *Code* § 24-2729, the clerk had no right prior to that time to refuse either to prepare the record or to transmit the record to the Clerk of the Court of Appeals simply because the appellant had not made arrangements to pay the costs. The bill and the record here were governed by *Code* § 24-2729 as it stood prior to the Act of 1963.

The clerk's duty was "to make out a copy of such bill, together with a complete transcript of the record" and certify and transmit them to the clerk of this court. This the clerk did not do. The bill will not be dismissed because of this failure of the clerk.

■ Plaintiff has assigned error on the trial court's action in sustaining the general demurrers of the Motors Insurance Corp. and Bryant Chevrolet, Inc. based on alleged misjoinder of parties. The defendants and the trial court described these demurrers as general. (Numerous other demurrers of these two defendants were overruled, but they did not bring exceptions on those rulings by means of a cross bill.)

It has been rather loosely said in many cases that misjoinder of parties or causes of action must be taken advantage of by special demurrer, and is not ground for general demurrer. *McCullough v. Atlantic Refining Co.*, 181 Ga. 502 (2) (182 SE 898); *Georgia R. &c. Co. v. Tice*, 124 Ga. 459 (52 SE 916, 4 AC 200); *Riley v. Royal Arcanum*, 140 Ga. 178 (78 SE 803); *Neil v. Dow Law Bank*, 138 Ga. 158 (74 SE 1027); *Waters v. DeKalb County*, 208 Ga. 741 (3) (69 SE2d 274).

Most, if not all, of the decisions enunciating this principle in reality merely hold that the issue of misjoinder may not be raised under a general demurrer which only asserts in substance that the petition fails to set out a cause of action. On the other hand, where the language of the demurrers has been found by the courts to have been broad enough to embrace the question of misjoinder, they have been treated as special demurrers whether they were called general demurrers or not. We have this latter situation in the case before us. Here the demurrers, though denominated "general" by the pleaders and the trial court, set forth the criticism of misjoinder with sufficient definiteness to satisfy the requirements of a special demurrer. The substance rather than the title or what they are called determines their effect, and we will treat them as special demurrers.

(a) The so-called general demurrers of both Bryant Chevrolet and Motors Insurance Corp. in effect demurred to the petition on the ground that there is a misjoinder of parties, because: "(a) The suit is proceeding against Bryant Chevrolet, Inc., based upon a verbal representation made by the President of the corporation of the defendant, Bryant Chevrolet, Inc. (b) It is proceeding against Motors Insurance Corporation upon an insurance contract, no copy of which is attached to the petition. (c) It is proceeding against the defendant, General Motors Ac-

■

ceptance Corporation, upon a conspiracy, thus there are three (3) separate and distinct parties upon entirely different grounds. (d) Said petition is illegal, based upon fraud and deceit."

The trial court's judgment in sustaining the so-called general demurrers and dismissing the petition as to the defendants Motors Insurance Corp. and Bryant Chevrolet, Inc. is controlled by the holding in *Whiddon v. Southern Auto Finance Co.,* 186 Ga. 726 (198 SE 729): "1. 'A petition wherein separate and distinct causes of action against different defendants are set forth is demurrable on the grounds of multifariousness and misjoinder of parties.' *Van Dyke v. Van Dyke,* 120 Ga. 984 (2) (48 SE 380); *Robertson v. Cox,* 183 Ga. 744 (189 SE 844); *Code* § 3-110. 2. The petition against a motor company, a finance company, and an insurance company was subject to the special grounds of demurrer for multifariousness and misjoinder, in that it set forth in one count four claims, as follows: (1) A claim ex delicto against the three companies, based on an alleged fraudulent misrepresentation by the salesman of the motor company that the full value of the automobile purchased by the plaintiff was covered by insurance against collision, and on the alleged payment by the plaintiff of the premium for such full coverage as part of the purchase price, whereas the policy issued did not cover the plaintiff's equity; additional averments being that the motor company was the special agent of the finance company to which the motor company assigned the retention-title note, that the finance company was the general agent of the insurance company, that two and a half months later the car was totally wrecked in a collision, and that all three companies were therefore liable for the full value of the car. (2) A claim against the insurance company *under the policy* as issued, but for an amount not covered by its terms, representing the plaintiff's uninsured equity in the full value of the car, less $50 deductible under the terms of the policy, and less two percent for depreciation, with a claim against all three companies for damages and attorney's fees, under the *Code,* § 56-706, for alleged bad faith in failing to pay the loss *under the policy.* (3) A claim against the motor and finance companies for not being licensed under the Georgia laws to sell insurance. (4) A claim

against the finance company by virtue of alleged misrepresentations as to the form, nature, and character of the policy offered for sale, in contravention of the law in the *Code*, §§ 56-519, 56-9906; with prayers for a general judgment against all of the companies for the full value of the car, including the unpaid part of the purchase price, damages and attorney's fees for failure to pay the insurance claim, an injunction against the finance company's proceeding further with its foreclosure suit against the plaintiff in the municipal court, and a consolidation of that case with the instant suit."

However, we must comply with the policy of the courts not to affirm the dismissal of actions for misjoinder or multifariousness, and, if it be reasonably possible, to remand the case with leave to amend by striking each of the grounds of complaint as will cure the defect complained of. *Whiddon v. Southern Auto Finance Co.*, 186 Ga. 726, supra; *McEntyre v. Clack*, 104 Ga. App. 646 (122 SE2d 595). Accordingly, as to the defendants Motors Insurance Corp. and Bryant Chevrolet, Inc., the case is remanded to the trial court with directions to allow the plaintiff an opportunity to amend the petition.

We wish to make it clear that under the present status of the record there is no exception whatever objecting to any judgment of the trial court entered upon correctly worded general demurrers of the defendants Bryant Chevrolet, Inc. or Motors Insurance Corp. Accordingly, there is nothing upon which we may base a ruling as to whether the petition states a cause of action against either or both of these defendants. For this reason, we expressly refrain from doing so.

■ The trial court sustained the general demurrer of the defendant General Motors Acceptance Corporation (GMAC) which asserted that the petition failed to state a cause of action against the defendant finance company. We must affirm the trial court's action for several reasons.

(a) The plaintiff did not attach to his petition a written insurance policy, but sought to recover on the theory that he had a parol contract of insurance for the 30-month period. This alleged parol contract, November 30, 1960, precedes the effective date of the new Insurance Code, January 1, 1961. (See *Code Ann.* § 56-2420, which is not applicable here.)

"It has long been the rule in this State that a parol application for insurance is not enforceable." *Georgia Cas. & Surety Co. v. Hardrick*, 211 Ga. 709, 713 (88 SE2d 394).

This principle alone is a sufficient basis upon which to affirm the trial court's sustaining the general demurrer and dismissing the petition as to the defendant GMAC.

(b)  Plaintiff's petition alleges that the president of the defendant Bryant Chevrolet, Inc. told him after the accident that he would report it to the insurance company "and they would make settlement with him [plaintiff]." The courts have uniformly held that an expression of opinion of law, by one with whom no fiduciary relationship exists, that plaintiff was protected from loss or that settlement would be made with him will not constitute actionable fraud. *Fields v. Fire & Cas. Ins. Co. of Conn.*, 101 Ga. App. 561 (114 SE2d 540); *Sherwin-Williams Co. v. St. Paul-Mercury Indem. Co.*, 97 Ga. App. 298 (102 SE2d 919); *National Life &c. Ins. Co. v. Parker*, 67 Ga. App. 1, 8 (19 SE2d 409); *Bernstein v. Peters*, 69 Ga. App. 525, 534 (26 SE2d 192); and *Bankers Health &c. Ins. Co. v. Givens*, 43 Ga. App. 43, 50 (157 SE 906).

(c)  Another reason for sustaining GMAC's general demurrer is supported by *Collins v. Lambert*, 59 Ga. App. 651, 653 (2 SE2d 165), in which the petition alleged that the motor company had fraudulently and collusively created the defendant finance company and that the partners trading as Lambert Motor Company owned the majority of the finance company stock. It was alleged that the dealer, the finance company, and the insurance company engaged in a collusive scheme to sell cars, collect premiums and carrying charges thereon and to withhold a copy of the contracts and policies. Although the petition in *Collins* is much stronger than the one in the present case, the court held (p. 654): "In cases of this kind general allegations are not sufficient as against [general] demurrer, and it is necessary to set out specific facts constituting the fraud. The specific facts are not set out so as to show that they constituted fraud, or so as to show co-operation on the part of the defendants. Upon this ground the court did not err in sustaining the demurrer to the second count of the petition. *Daniel v. Burson*, 18 Ga. App.

25 (88 SE 745) ; *Ducros v. Peoples Drug Store*, 21 Ga. App. 634 (94 SE 897)."

Since the trial court's action in sustaining GMAC's general demurrer is being upheld by this court, it is unnecessary to rule on the lower court's ruling which sustained GMAC's *special* demurrer based on misjoinder of parties.

The judgment of the trial court in dismissing the petition as to the defendant General Motors Acceptance Corporation is affirmed.

The judgment of the trial court in dismissing the petition as to the defendants Motors Insurance Corp. and Bryant Chevrolet, Inc. is reversed, and the case is remanded to the trial court with directions that the plaintiff be allowed to amend his petition.

*Judgment affirmed in part; reversed in part. Hall and Pannell, JJ., concur.*