## HOWARD *v.* GEORGIA HOME INSURANCE COMPANY.

1. Where the holder of an insurance policy deliberately, and after opportunity for full investigation, accepted as cash from the adjuster of the company a check in full payment and satisfaction of the loss claimed by him under such policy, and gave his receipt for the same, he could not thereafter, on the ground that he had been defrauded into making the contract of accord and satisfaction by certain statements made by the adjuster to the effect that, for reasons therein expressed, the company was not liable, maintain an action against the company for such loss; it not appearing that the adjuster, even if the statements in question were incorrect or based upon erroneous reasons, had done anything to prevent the plaintiff from making a full investigation of his legal rights in the premises.
2. In the trial of such an action there was no error in refusing to allow the plaintiff to testify that an agent of the company had represented to him that the adjuster was a "gentleman of the highest honor," in whom the plaintiff could absolutely rely, and that accordingly the plaintiff did rely upon him in making the settlement; there being no pretense that any relation of trust and confidence existed between the plaintiff and the adjuster.
3. Nor in such trial was there any error in refusing to allow the plaintiff to testify, in effect, that after the contract of accord and satisfaction had been completed he declined to be bound by it and offered to rescind.
4. There was no error in directing a verdict for the defendant.

Argued June 19, — Decided July 28, 1897.

Action on insurance policy. Before Judge Felton. Bibb superior court. November term, 1895.

*Steed & Wimberly*, for plaintiff.
*Dessau & Hodges*, for defendant.

COBB, J.   Howard sued the Georgia Home Insurance Company for $1,000, besides interest, upon a policy of fire-insurance.   The policy was dated March 20, 1894, and was for the sum of $2,000, one half of which covered his dwelling-house,· and the other half certain personal property consisting· of household and kitchen furniture.   The property insured was destroyed by fire on July 22, 1894.   The defendant pleaded, that on August 2, 1894, it and the plaintiff entered into an accord and satisfaction of all claims of loss under the policy on the furniture, and that $250 was paid to the plaintiff in full settlement of all liability on account of such loss or damage, and that the same was accepted by the plaintiff in full satisfaction.   It appeared from the evidence, that plaintiff went to the office of the company, and in course of a conversation with the adjuster of the company the latter stated that the company was not liable in any amount on the policy, but that it would make to plaintiff a gift of $250 in full settlement of all claims he held against it on account of the loss of his furniture.   Plaintiff, notwithstanding ample opportunity to consult others about the matter, relied on what the adjuster stated to him as to the company's liability on the policy, accepted his offer, and received from him a draft dated August 2, 1894, for the sum mentioned, which contained the following clause: "The acceptance by the payee of this draft shall be prima facie evidence of full payment, satisfaction, and compromise, of all loss, damage and claim on furniture."   Upon the back of the policy, which was introduced in evidence, was the following entry:   "$250.00.   August 2, 1894.   Received of the Georgia Home Insurance Company of Columbus, Georgia, through R. P. Spencer, two hundred and fifty dollars, in full payment, satisfaction and compromise for all loss and damage by fire, on furniture, which occurred on the 22d day of July, 1894, to property insured by said company, under this policy No. 207874, which is hereby cancelled on furniture, leaving the $1,000 on building yet to be adjusted.   H. L. Howard."

Plaintiff·made no effort to collect the draft, but brought suit as above stated.   The court directed a verdict for the defendant, and this is assigned as error.

1. It appears from the evidence, that plaintiff went to the office of the company, seeking a settlement of the amount alleged to be due on his policy. The adjuster stated to him that the policy was of no value, on account of insufficient specifications. They discussed the matter fully and freely; and finally plaintiff accepted an offer of $250 in full settlement of all claims he held against the company on account of loss to his furniture, which was evidenced by the receipt and the clause in the draft above set out. The statement by the adjuster as to the binding force and validity of the policy might not have been true; it may have been that the company was liable for the full amount of the policy; but the record fails to show any attempt by the company's representative to prevent the plaintiff from consulting counsel, or taking any other steps to see whether or not the entire amount of the policy was in fact collectable. The agent, by making incorrect statements as to the liability of the company, may have persuaded the plaintiff to enter into an accord and satisfaction, by which he suffered substantial loss; but so long as he did not use any artifice, trick, or contrivance, to prevent him from ascertaining his rights under the policy, the agreement so entered into would be valid and binding. *Hayes* v. *East Tenn. Railway Co.*, 89 *Ga.* 264.

2. During the trial evidence was offered by the plaintiff, to the effect that the agent of the company had represented to him that the adjuster was "a gentleman of the highest honor," and that the plaintiff could absolutely rely on any statement made by him; and that the plaintiff did in fact rely upon his statement as to the binding force of the policy. The court rejected this evidence. There was no pretense that any relation of trust or confidence existed between the plaintiff and the adjuster. On the other hand, it would seem that the very nature of the transaction would have put a man of even ordinary business qualifications on notice that any statements made by the adjuster as to the validity of the policy would come from a person naturally biased and prejudiced in favor of the company. He was the agent of the company, and notwithstanding he may have been "a gentleman of the highest honor,"

his statements as to the liability of his company would not be generally received by an ordinarily prudent person as absolutely conclusive.

3. It appearing conclusively that the draft was accepted in payment, and that nothing was done to prevent the plaintiff from making a full investigation of his legal rights, there was no error in refusing to allow him to testify that after the contract of accord and satisfaction had been completed he declined to be bound by it and offered to rescind.

4. There was no error in directing a verdict for the defendant.          *Judgment affirmed.    All the Justices concurring.*