## 21560. HAYNESWORTH *v.* HALL CONSTRUCTION COMPANY.

808

DECIDED FEBRUARY 17, 1932.

810

812

*W. V. Custer & Son,* for plaintiff.

*H. G. Bell, Hall, Grice & Bloch,* for defendant.

BELL, J. (After stating the foregoing facts.)

■ The petition alleged that the plaintiff's injury occurred in the State of Florida when he was not quite sixteen years of age; that the defendant was negligent in employing the plaintiff in violation of section 4030 of the Revised General Statutes of Florida, 1920, reading as follows: "Nor shall any child under sixteen years of age be employed at any occupation dangerous or injurious to health or morals or to lives or limbs, and as to those matters, the decision of the county physician or city health officer, as the case may be, shall be final;" and that the defendant did not apply to the county physician or city health officer of the county in which the injury occurred to pass upon the danger to the plaintiff in such employment, as required by the statute referred to. The petition alleged that the injury occurred on June 30, 1919, and yet the plaintiff is claiming that the defendant violated a provision of the Revised Statutes of the State of Florida of 1920. Seemingly the plaintiff should have alleged that the statute relied on was in existence at the time of the injury. Shall we say from the allegations that section 4030 of the Revised Statutes of 1920 were in force in 1919? Assuming that this question should be answered in the affirmative, we do not think the petition shows a violation of this section.

The averment that Hall Construction Company did not apply to the county physician or city health officer to pass upon the danger of the employment does not show any dereliction of duty on the part of the defendant, since the statute as pleaded does not require any such action on the part of the employer. The allegation that the section did require that the defendant should make such application is a mere conclusion of the pleader; whereas the statute as quoted and relied on appears not to contain any such provision. Is the mere general allegation that the defendant violated this section sufficient to show negligence? The plaintiff is pleading a statute of the State of Florida which, in effect, declares that the question as to whether any occupation is dangerous or injurious to health or to .morals, or to life or to limb, shall be decided by the county physician or the city health officer, as the case may be, and shall be final. It is not alleged that any county physician or city health officer ever adjudged or decided that the particular employment, or any such employment, was dangerous or injurious to persons under the age of sixteen years. In the absence of such an allegation, we think the petition fails to show any violation of the statute of Florida, as claimed. See, in this connection, *O'Donnelly* v. *Stapler,* 34 *Ga. App.* 637 (131 S. E. 91).

With regard to the condition of the stirrup, by reason of which the plaintiff slipped and fell, the allegations must be construed in the light of the applicable principles of law of force in this State. This is true for the reason that the plaintiff pleads no statute of the State of Florida governing the relation of master and servant. The conclusion just stated will hold true irrespective of whether we should presume that the common law is the prevailing law of the State of Florida. If this is not the presumption to be indulged (Florida not being of the territory of the original thirteen colonies), then it must be presumed that the applicable law is identical with the lex fori; and since Georgia is a common-law State, it follows that whether we apply the one or the other of these presumptions, we reach the same result; that is to say, that in the absence of anything to show what is the law of Florida, the question of liability will be determined by the applicable law of force in this State. *Reliance Realty Co.* v. *Mitchell,* 41 *Ga. App.* 124 (152 S. E. 295).

Under the prevailing common-law rule of this State, it is. apparent that the plaintiff had equal means with his master of dis-

covering the alleged defect in the appliance which resulted in the injury. In such a case the plaintiff is not entitled to recover. *Charleston & Western Carolina Ry. Co. v. Miller,* 113 *Ga.* 15 (2) (38 S. E. 338) ; *Stewart* v. *Seaboard Air-Line Ry.,* 115 *Ga.* 624 (2) (41 S. E. 981) ; *Lee* v. *Atlantic Coast Line R. Co.,* 125 *Ga.* 655 (54 S. E. 678) ; *Western & Atlantic Railroad* v. *Edwards,* 40 *Ga. App.* 66 (148 S. E. 628), and cit. The case is not altered by the fact that the plaintiff was a minor, it appearing that he was "nearly sixteen years of age." While the petition alleges that he could neither read nor write and was "inexperienced," there is nothing to show that he did not have the capacity of an adult to discover such a danger as he complained of. Presumptively, therefore, he was chargeable with the same standard of diligence for his own safety as an adult. *Paulk* v. *Lee,* 31 *Ga. App.* 629 (2) (121 S. E. 845) ; *Bugg* v. *Knowles,* 33 *Ga. App.* 710 (127 S. E. 813). The petition failed to show that the plaintiff ever had a cause of action, and for this reason alone the general demurrer was properly sustained.

We might end the case here, but the question of the statute of limitations is as much in the case as the other proposition which we have just discussed, and we will also state our opinion regarding this question. The plaintiff alleges that under the statutes of Florida "an action for personal injuries must be brought within two years after the cause of action accrues." The plaintiff in making this allegation has presumptively sought to state all of the applicable law of the State of Florida upon this subject. He alleges nothing as to any exceptions to the statute. How, then, can he rely upon the principle which obtains in the State of Georgia (Civil Code of 1910, § 4380), that if a defendant has been guilty of a fraud by which the plaintiff has been debarred or deterred from his action, the period of limitation shall run only from the time of the discovery of the fraud? But let us grant for the sake of the argument that the plaintiff may avoid the statute by proof of fraud, in accordance with the laws of the State of Georgia. According to the allegations, the plaintiff was nearly sixteen years of age on the date of his injury, June 30, 1919. It is to be inferred, therefore, that he arrived at the age of twenty-one sometime during the year 1924, and yet he deferred bringing suit for a period of about six years, or until sometime during the year 1930. He pleads as a reason for his failure to do so certain facts which he

contends amounted to fraud upon the part of the defendant, by which he was debarred or deterred from his action. These facts, briefly stated, are as follows: After an incapacity of about thirty days he was able to return to his work and was then employed for some eight or nine months, when he was discharged by one N. O. Parish, "who was his immediate superior officer in charge of said work." He then made complaint to A. B. Domingoes, an executive officer of the defendant company, which complaint was made in the presence of J. H. Hall, the president of the company. The substance of the complaint was that he wanted a settlement for the loss of his arm. Parish and Domingoes then had a conversation separate and apart from the plaintiff, the purport of which the plaintiff does not know, but which he believes was in reference to his complaint. Domingoes then came back to the plaintiff and stated to him that Parish would put him back to work, and further said, "Didn't you know that you have a lifetime job with the company? And we are going to try to take care of you?" The plaintiff alleges that it was not the intention on the part of the defendant's agents Domingoes and Parish to give the plaintiff lifetime employment, but that the defendant concealed its intention to discharge the petitioner after the statute of limitations should run, and thus practiced a fraud upon him which caused petitioner to fail to bring an action for his damages.

It is not alleged that the defendant made a settlement or compromise of the plaintiff's claim by entering into a contract to employ him for any period of time. The defendant's agents did not engage it to do anything whatsoever in satisfaction of the plaintiff's demand, but Domingoes merely asked the plaintiff if he did not know that he had a lifetime job with the company, and that the company would try to take care of him. This conversation could not have amounted to a contract of employment, or to any sort of consideration to the plaintiff in accord and satisfaction of his claim. The plaintiff could have sued immediately, and the transaction relied on would not have operated as a bar to his action. It is therefore immaterial whether the defendant acted with intent to defraud or not. The plaintiff was not defrauded, because he was still free to bring his action at any time he may have cared to do so. He merely relied upon an indefinite and equivocal gesture, in lieu of a certain, binding agreement. Although he was yet a minor,

he maintained such reliance for several years after reaching his majority, and did not seek a better understanding.

In *Printup* v. *Alexander*, 69 *Ga.* 553, the Supreme Court held as follows: "Fraud which will relieve the bar of the statute of limitations must be such as debars or deters the plaintiff from his action. That a plaintiff fails to sue on account of a mere uncertain and indefinite understanding, based on no consideration, that the debt might be admitted as a set-off on a certain judgment, if it should be recovered, would not be such fraud as would relieve the bar of the statute." While under the facts of that case there was an absence of intent to deceive, the Supreme Court appears to have treated the case as if this element were present. In the opinion it was said: "The fraud of which the defendant is guilty must be one by which the plaintiff was debarred or deterred from suing. 'To debar,' says Webster, 'is to cut off from entrance, to preclude, to hinder from approach, entry or enjoyment, to shut out or exclude.' To deter, by the same authority, is to discourage or stop by fear, to stop or prevent from acting or proceeding by danger, difficulty, or other consideration which disheartens or countervails the motive for an act.

"Take the testimony submitted, and we see no such conduct as either debarred or deterred plaintiff from suing. It is true he may have relied upon a supposed promise to admit this debt as a set off to the judgment, if recovered, but there is no evidence of any definite agreement to that effect between plaintiff in error here and defendants, and even if it were, would that have precluded plaintiff from suing if he had seen fit to do so? We think not. It was a mere uncertain and indefinite understanding upon no consideration and not binding in law. If a mere naked understanding on the part of one and a breach of it suspends the statute, then the limitation act would be a mere nullity, and the peace and repose which it promises never would be realized. If the fraud alleged cuts plaintiff off from suing, precludes him, or hinders him, shuts him out, or excludes him, then it debars, and the statute is suspended, but a mere promise by parol, and a failure to keep it, and without consideration, in our opinion, is not such a debarring as is intended, and does not save the bar from attaching." See also *Anderson* v. *Foster*, 112 *Ga.* 270 (37 S. E. 426); 37 C. J. 938, § 306.

Counsel for the plaintiff in error frankly state to this court that as to this question the petition was predicated upon the "intimation" contained in the opinion in the case of *Georgia Railroad Co.* v. *Kent*, 92 *Ga.* 782 (19 S. E. 720), referring to the following statement in the decision in that case: "The declaration does not even allege that at the time of making the settlement it was the purpose or intention of the company to subsequently refuse to carry out the contract, after the plaintiff's legal right of action should become barred by the lapse of time."

Assuming that this language should be construed to mean that, in case of settlement by a contract of employment such as appeared in the *Kent* case, the plaintiff might avoid the statute by alleging that at the time of the making of such settlement the defendant intended not to carry it out, the allegations here would still be insufficient, for the reason that the plaintiff does not allege any agreement or contract which would have prevented him from bringing suit at any time. In the *Kent* case there was a definite and certain agreement that if the plaintiff would not sue, the defendant would pay certain expenses and would give him employment as long as he lived. In the instant case the defendant did not purport to settle the claim, and made no agreement to employ the defendant for any period of time.

In any view of the case the action was barred by limitation. See further, in this connection, *Brunswick & Western Ry. Co.* v. *Clem*, 80 *Ga.* 534 (4) (7 S. E. 84).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*