### 32666. MONROE *v.* GOLDBERG *et al.*

Decided February 2, 1950.

*Fred A. Tuten, Arthur L. Purvis,* for plaintiff.

*Emanuel Kronstadt, Aaron Kravitch,* for defendants.

WORRILL, J. The plaintiff in error states in his brief that upon a hearing the trial court declined to grant an order temporarily restraining public sale of the Gould property, and cor-

rectly shows that, the sale having taken place, the question of specific performance is now moot. The defendants in error do not deny this and apparently agree that such question is moot. The petitioner seeks no relief under the written contract containing a description of property which he did not purport to buy, and which description he does not attempt to have reformed. His complaint is that he bought other property, the Gould tract, which had become unavailable at the time of the hearing on demurrers, and he asserts in the petition as amended that he has been damaged by the breach of the agreement to convey, and the alleged fraud and deceit of the defendants. The only agreement for the sale of the Gould tract was an oral one, and, hence, no valid contract was entered into, as necessarily a contract for the sale of land must be in writing. Code, § 20-401 (4). The plaintiff in error recognizes this principle of law, but insists that with the consent of the defendants he went into possession of the Gould tract within sixty days after the written contract for the Joyner tract was signed, and spent large sums of money for improvements thereon, and he relies on these facts as showing part performance under the Code, § 37-802. It clearly appears, however, that he was not put in possession by the owner, who was known to be Southern Furniture Specialties Company. His possession was merely by consent of non-owners, one of whom held a security deed to the property in question. He neither paid nor offered to pay for the property the price orally agreed upon. Obviously he does not bring himself within the provisions of § 37-802, upon which he relies, and which states the circumstances that would place a purchaser outside of the statute of frauds with respect to the sale of land, namely, "Full payment alone accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements." His expenditure of money for valuable improvements is not alleged to have been done except on his own judgment, and, properly construed, the petition shows that he knew that the title was still in Southern Furniture Specialties Company and not in anyone involved in any oral agreement. Nor could he be confident, merely because Sam Goldberg held a security deed and stated that he would foreclose it and place title to the Gould property in the petitioner, that any of the

defendants could in all events become the purchaser. It clearly appears that he was the author of his own misfortune in entering into possession as a trespasser and hazarding the chance of becoming the owner of property as to which there had been no warranty of title. See Code, § 29-302. No cause of action was set forth by the petition for damages because of an alleged breach of contract.

Nor do the allegations of the petition as amended, as to what the defendants, after the execution of the written contract for the Joyner property, promised to do with reference to putting title in the petitioner to the Gould property, constitute a basis for awarding damages for alleged fraud and deceit. Representations which authorize an action for fraud and deceit must be made with reference to existing or past facts and not to future acts. *Crozier* v. *Provident Life & Accident Ins. Co.*, 53 *Ga. App.* 572 (186 S. E. 719) ; *Thigpen* v. *Harbison-Walker &c. Co.*, 55 *Ga. App.* 397, 405 (190 S. E. 378) ; *Snow's Laundry &c. Co.*, v. *Georgia Power Co.*, 61 *Ga. App.* 402 (3) (6 S. E. 2d, 159).

The court did not err in sustaining the general demurrers of Bert Goldberg, M. Goldberg, and Sam Goldberg; and since Casper Wiseman had ceased to be a material and necessary party defendant after the sale of the property in question, the court properly dismissed the action as to all defendants.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*