JACKSON *v.* BROWN *et al.*, trustees, *et al.*

HAWKINS, Justice. On July 27, 1951, Anthony Jackson filed a petition against named persons as Trustees of Loftin's Camp Ground, wherein he alleges: that he purchased a described lot of land on January 4, 1936, and that subsequently the Trustees of Loftin's Camp Ground came to him and fraudulently represented that the property was not the property of the one from whom he purchased it, but was the property of Loftin's Camp Ground, and that they as trustees held title thereto; that the trustees, well knowing their claim to be false and fraudulent, insisted upon the petitioner executing a deed releasing the property to the trustees, and, when petitioner stated to said trustees that he desired to first make an investigation as to the title to the property, he was assured by the trustees that, if the petitioner would go ahead and quitclaim the property to them, and it was later determined that they were mistaken as to their claim, they would reconvey the property to the petitioner; and, to induce and force the petitioner to convey the property without first letting him investigate as to the title, the trustees told him that, if he would sign the deed, and it was

determined that the property was that of Loftin's Camp Ground, they would allow him to remain on the property for a period of fifteen years; but that, if he did not then and there sign the deed, and it was determined that the property was that of Loftin's Camp Ground, they would evict him from the property immediately; that he was an ignorant colored man, who had never before had any experience in the purchase of real estate, and relying upon the fraudulent statements made by the trustees, he executed a quitclaim deed to the trustees on July 20, 1936, reciting therein their claim of title to the property, and that he "now finds that he has no title to said property," and "in order to settle the title to said property and to show that the matter has been adjusted between the party of the first part and the above trustees, the party of the first part does hereby sell and convey and quitclaim unto the parties of the second part, their successors and assigns" the described property, which deed contained a reservation in the petitioner of the right to live on the property for a period of fifteen years. He prays that the defendants be temporarily and permanently enjoined from interfering with the possession of said lot of land by the petitioner, and from proceeding in any manner to dispossess him, and that the agreement and quitclaim deed executed by him on July 20, 1936, be canceled and declared void and of no effect. There are other allegations of the petition relative to another deed by other parties to the defendants, conveying the same property, which the plaintiff seeks to set aside as a cloud upon his title, but in the view we take of the case, it is unnecessary to state these allegations. To the judgment of the trial court sustaining the general demurrer to his petition, the plaintiff excepts. *Held:*

1. While equity has jurisdiction to rescind and cancel a contract upon the ground of mistake of fact material to the contract of one party only, accompanied by fraud or inequitable conduct on the part of the other party, and may grant such relief even in case of negligence by the complainant, if it appears that the other party has not been prejudiced thereby (Code, §§ 37-207, 37-212; *Hunnicutt* v. *Archer,* 163 *Ga.* 868 (2), 137 S. E. 253; *Lynch Enterprise Finance Corp.* v. *Realty Construction Co.,* 176 *Ga.* 700 (2), 168 S. E. 782; *J. Kuniansky Inc.* v. *Ware,* 192 *Ga.* 488, 15 S. E. 2d, 783; *White & Hamilton Lumber Co.* v. *Foster,* 157 *Ga.* 493, 122 S. E. 29; *Venable* v. *Burton,* 129 *Ga.* 537, 59 S. E. 253; *Shelton & Co. Ellis,* 70 *Ga.* 297)—yet where, as in this case, no confidential relationship between the parties is alleged, and there is no allegation that the defendants made any misrepresentation of fact or used any artifice to prevent the plaintiff from ascertaining the true status of the title of his own property, "A court of equity will not relieve a vendor of land from his own negligence in not ascertaining facts which he could have ascertained by diligence, the vendee using no artifice or fraudulent scheme in order to prevent the vendor from ascertaining facts which might have prevented him from executing the deed sought to be canceled on account of the alleged fraud on the part of the vendee." *Morrison* v. *Colquitt County,* 176 *Ga.* 104 (167 S. E. 321); *Hardin* v. *Baynes,* 198 *Ga.* 683, 684 (2 d) (32 S. E. 2d, 384). See also *Castleberry* v. *Scandrett,* 20 *Ga.* 242; *Arthur* v. *Brawner,* 174 *Ga.* 477 (163 S. E. 604); *Robertson* v. *Panlos,* 208 *Ga.* 116, 120 (65 S. E. 2d, 400); *Martin* v. *North Georgia Lumber Co.,* 72 *Ga. App.* 778 (35 S. E. 2d, 270).

2. The allegations of the petition that the trustees falsely and fraudulently represented that they would reconvey the property to the plaintiff if it was later determined that he did have title to the property, and that, if he did not then and there sign the deed, they would immediately evict him from the premises if it was determined that they had title to the property, are insufficient to charge any fraud or to furnish any excuse for the failure of the plaintiff to ascertain facts which might have prevented him from executing the deed sought to be canceled, for fraud cannot be predicated upon statements which are promissory in their nature as to future acts. 37 C. J. S. 231, § 11; *Hoover* v. *Mobley*, 198 *Ga.* 68 (31 S. E. 2d, 9); *Rogers* v. *Sinclair Refining Co.*, 49 *Ga. App.* 72 (174 S. E. 207); *Monroe* v. *Goldberg*, 80 *Ga. App.* 770, 775 (57 S. E. 2d, 448).

3. Applying the foregoing principle of law to the allegations of the petition in this case, the trial court did not err in sustaining the general demurrer thereto.

*Judgment affirmed. All the Justices concur.*

No. 17842. Submitted April 15, 1952—Decided May 12, 1952.

*Harris, Chance & McCracken,* for plaintiff.
*M. C. Barwick,* for defendants.