37038.   SHERWIN-WILLIAMS COMPANY *v.* ST. PAUL-MERCURY INDEMNITY COMPANY.

DECIDED FEBRUARY 19, 1958—REHEARING DENIED MARCH 7, 1958.

*Cumming, Nixon, Eve, Waller & Capers*, for plaintiff in error.

*Oliver, Davis & Maner, Fulcher, Fulcher, Hagler & Harper, William C. Reed*, contra.

QUILLIAN, Judge. 1. The petition which seeks to charge the defendant with liability for the act of an agent is fatally defective because it contains no allegation that the servant was acting within the scope of his employment or in the prosecution of his employer's business, and did not show that the nature of the agent's service was such that his authority to perform the act on behalf of his principal could be legitimately inferred. Code § 105-108; *Laughlin* v. *Bon Air Hotel*, 85 *Ga. App.* 43 (2) (68 S. E. 2d 186); *Tate* v. *Atlantic Ice & Coal Corp.*, 25 *Ga. App.* 797 (1, 2) (104 S. E. 913). While it is true that the petition alleged that he was a special bond agent with authority to issue bonds, this would not necessarily give him authority to act for his principal in advising third parties as to the legal effect of the bonds.

2. The petition is fatally defective for a further reason. When the defendant's agent allegedly advised the plaintiff, with whom no fiduciary relationship existed, that it was protected from loss under the provisions of the bond, he was expressing an opinion of law and this would not constitute actionable fraud. *National Life & Accident Ins. Co.* v. *Parker*, 67 *Ga. App.* 1, 8 (19 S. E. 2d 409); *Hart* v. *Waldo*, 117 *Ga.* 590 (43 S. E. 998); *Claxton Bank* v. *Smith*, 34 *Ga. App.* 265 (129 S. E. 142); *Bernstein* v. *Peters*, 69 *Ga. App.* 525, 534 (26 S. E. 2d 192); *Christopher* v. *Whitmire*, 199 *Ga.* 280, 283 (34 S. E. 2d 100); *Howard* v. *Georgia*

*Home Ins. Co.,* 102 *Ga.* 137 (29 S. E. 143); *Bankers Health & Life Ins. Co.* v. *Givens,* 43 *Ga. App.* 43, 50 (157 S. E. 906).

The judge did not err in sustaining the general demurrer and dismissing the suit.

*Judgment affirmed. Felton, C.J., and Nichols, J., concur.*