20116.   BEACH *et al. v.* FLEMING *et al.*
20117.   TRUE *v.* FLEMING *et al.*

ARGUED JUNE 10, 1958—DECIDED JULY 11, 1958.

*Gowen, Conyers, Fendig & Dickey,* for plaintiffs in error (case No. 20116).

*G. B. Cowart, Neal G. Gale, Jack J. Lissner, Jr.,* contra.

*Jack J. Lissner, Jr.,* for plaintiff in error (case No. 20117).

*Neal G. Gale, G. B. Cowart, Gowen, Conyers, Fendig & Dickey,* contra.

WYATT, Presiding Justice. The first question presented is whether the allegations of the petition are sufficient to base an action upon for fraud. The only person with whom it is alleged that the defendant in error had any direct dealings was Arthur True. Whatever promises or agreements alleged to have been made were made by True. The petition does not allege that either True, Beach, or W. B. Leedy & Company, Inc., got possession of any property or other thing of value belonging to Fleming. The only thing that he parted with was $10,000, which was put up to purchase the option, and later, the sixty-day sale contract, all of which money was returned to and accepted by him. So we do not have a case in which the defendants in the court below are charged with obtaining property or other thing of value from Fleming by fraud. What we actually have is a contention by Fleming that he lost profits that he would have derived from the future sale or ownership of described property had the defendant True kept a promise that he made to Fleming. A mere reading of the petition, as is set out in the foregoing statement of facts, will disclose without doubt that every promise made by True had to do with what he was going to do in the future.

"Fraud can not be predicated upon statements which are promissory in their nature as to future acts." *Jackson* v. *Brown,* 209 *Ga.* 78 (70 S. E. 2d 756). "Representations which authorize an action for fraud and deceit must be made with reference to existing or past facts and not to future acts." *Monroe* v. *Goldberg,* 80 *Ga. App.* 770, 775 (57 S. E. 2d 448). "Ordinarily, promises to perform some act in the future will not amount to fraud in legal acceptation, although subsequently broken without excuse." *Rogers* v. *Sinclair Refining Co.,* 49 *Ga. App.* 72, 74 (174 S. E. 207). It follows, the allegations in the petition are not such as to authorize an action for fraud to be based upon them, and the judgments in both *True* v. *Fleming* (Case No. 20117) and *Beach* v. *Fleming* (Case No. 20116) must be

*Reversed. All the Justices concur.*

DUCKWORTH, Chief Justice, concurring specially. I concur in the judgments for the reason that the petitioner accepted a refund of his money which is tantamount to a voluntary rescission of all previous arrangements and agreements he had had, and he will not now be heard to complain of a violation thereof. I am authorized to state that Mr. Justice Hawkins joins me in this special concurrence.