## 40765. AMBROSE v. BROOKS.

JORDAN, Judge. The petition alleged that the plaintiff was induced to execute a contract with the defendants for the construction of a "bomb shelter" on her premises, and a note and security deed in consideration thereof, by the false and fraudulent misrepresentations of the defendants that the shelter would be moisture proof and would be installed completely underground. The plaintiff alleged that the shelter when constructed and installed was unsatisfactory in these particulars and complaint was made to the defendants who assured her that the alleged defects would be corrected to her satisfaction, and that in reliance on the representations of the defendants that the desired corrections would be made, she

executed a "completion certificate" and notified the transferee of the note that the work had been satisfactorily performed. The petition which alleged that the defendants did wilfully and knowingly conspire, confederate, combine, agree and have tacit understanding among themselves and with one another to defraud the plaintiff in the manner and means enumerated, sought judgment against the defendants for $1,770 actual damages, $5,000 punitive damages and $5,000 attorney's fees. The trial court sustained the general demurrer to the petition and the exception is to that judgment. *Held:*

1. "Fraud cannot be predicated upon statements which are promissory in their nature as to future acts." *Jackson v. Brown,* 209 Ga. 78, 80 (70 SE2d 756); *Beach v. Fleming,* 214 Ga. 303 (104 SE2d 427). "Representations which authorize an action for fraud and deceit must be made with reference to existing or past facts and not to future acts." *Monroe v. Goldberg,* 80 Ga. App. 770, 775 (57 SE2d 448). "In actions for fraud the representations relied on must relate to past or existing facts, and cannot consist of mere broken promises, unfulfilled predictions, and erroneous conjectures as to future events." *Rogers v. Sinclair Refining Co.,* 49 Ga. App. 72 (174 SE 207). If the representations do not relate to past or existing facts, it is immaterial that the alleged defrauded party acted in reliance on them to his detriment. *Crozier v. Provident Life &c. Ins. Co.,* 53 Ga. App. 572 (2), 574 (186 SE 719).

2. The written contract under which the "bomb shelter" was sold contained no warranty that the shelter would be moisture proof or that it would be installed completely below ground; and it expressly provided that "any statement, arrangement or undertaking, oral or written, express or implied, not incorporated into and made a part hereof in writing to this contract will not be recognized or be binding upon either party."

The plaintiff does not seek to recover in contract for breach of warranty but seeks to avoid the contract and recover damages on the ground that she was induced to purchase the "bomb shelter" and sign the contract, note, security deed and "completion certificate," and approve the financing by the false and fraudulent misrepresentations of the defendants. It is not alleged, however, that she was misled as to the contents of the instruments in signing the same; and under the above authorities, the alleged statements by the defendants that the shelter, when constructed and installed, would be moisture

proof and would be completely underground with the ground above level and smooth, and the subsequent promises to do everything necessary to make the shelter satisfactory to the plaintiff, amount to expressions of opinion and promises relating to future conditions and acts, and do not constitute fraud which would authorize rescission of the contract or recovery of damages in tort for fraud and deceit. *Kontos v. Jordan,* 57 Ga. App. 267 (195 SE 210).

The trial court did not err therefore in sustaining the general demurrer.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED JUNE 23, 1964.

*Wotton, Long, Jones & Read, Charles D. Read, Jr.,* for plaintiff in error.

*R. T. Bartholomew, James A. White, Jr.,* contra.