40802. CLINTON v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.

DECIDED SEPTEMBER 25, 1964—REHEARING DENIED OCTOBER 6, 1964.

418

*Wilson, Branch, Barwick & Vandiver, Thomas S. Bentley, George W. Hood, Landise & Crowley, Christine Landise,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, John T. Marshall,* contra.

EBERHARDT, Judge. The conduct of the adjuster for State Farm in this case was reprehensible if the allegations as to it are true. The plaintiff says he was lulled into a sense of propriety in following the advice and suggestions against taking any action —such as the employment of an attorney for the preservation or enforcement of his rights—until his rights became barred, and he thus was choused. There are provisions in the Insurance Code for investigation by the Commissioner of complaints against the conduct of an adjuster. See *Code Ann.* § 56-209 et seq. Whether these be ample to prevent the sort of conduct alleged here we do not know. If not, that may well be a matter that addresses itself to the General Assembly.

There is no question that the two-year period of the statute of limitations (*Code* § 3-1004), had run, but plaintiff relies on allegations of fraud to toll the statute. *Code* § 3-807. State Farm's agency on behalf of Walker is alleged, relying on *Aetna Cas. Co. v. Brooks,* 218 Ga. 593 (129 SE2d 798), where it was held that the insurer acts as the insured's agent when adjusting claims arising against the insured.

Conceding the agency of State Farm for Walker as to its dealings with Clinton concerning claims he may have had against Walker, no actionable fraud is alleged. Plaintiff simply charges that (1) State Farm led him to believe that he would be compensated at a time in the future when it had no intention of doing so, and (2) that he was obligated under the co-operation clause of his own policy to follow the advice and suggestions of the insurer's adjuster.

■ The representation that plaintiff would receive compensation in the future is not as to an existing or past fact, and does not give rise to an action for fraud. *Beach v. Fleming,* 214 Ga. 303 (104 SE2d 427) and citations; *S. & S. Builders, Inc. v. Equitable Investment Corp.,* 219 Ga. 557 (4) (134 SE2d 777); *Haynesworth v. Hall Constr. Co.,* 44 Ga. App. 807 (2) (163 SE 273); *Gibraltar Fire &c. Ins. Co. v. Lanier,* 64 Ga. App. 269 (3) (13 SE2d 27); *Ambrose v. Brooks,* 109 Ga. App. 881 (1) (137 SE2d 573). See *Printup v. Alexander,* 69 Ga. 553.

The statements attributed to the adjuster that plaintiff "would receive a settlement and satisfaction for [his] injuries," that the

insurance company "would care for" plaintiff, or "would take care of" him, and that "a very fine settlement" would be provided to him, "the exact amount [of which] could not be determined until after Thursday, September 15, 1961," and that at that time plaintiff "would be informed of the settlement he was to receive" all are representations as to matters to take place at a future time and come within the above rule.

The case of *Floyd v. Morgan,* 62 Ga. App. 711, 715 (5) (9 SE2d 717) is, insofar as it may hold otherwise as to promissory statements concerning a matter to occur at a future time, in conflict with the holding in *Beach v. Fleming,* 214 Ga. 303, supra, *Jackson v. Brown,* 209 Ga. 78 (70 SE2d 756), and other cases of the Supreme Court, by which we are bound, as well as *Haynesworth v. Hall Constr. Co.,* 44 Ga. App. 807, supra, *Rogers v. Sinclair Refining Co.,* 49 Ga. App. 72 (174 SE 207), and other older cases of this court. Consequently it will not be followed. The rule appearing in Restatement, followed in *Floyd v. Morgan,* is not in harmony with the rule of this State. It may be a better or more desirable rule, but if it is to be substituted for that announced by the Supreme Court it must be done by that court, not this one. Until that is done we can do no other than follow the rule now standing.

We are not unaware of *Coral Gables Corp. v. Hamilton,* 168 Ga. 182 (147 SE 494), where it was asserted at p. 194: "There can be no question that a promise to do a certain thing of value to the promisee, when at the time of making the promise there was no intention to fulfill it, but on the contrary the promise was made with intention not to fulfill it, and as a mere device to defraud, is such a fraud as will avoid any contract induced thereby." The principle may have its genesis in *Atlanta &c. R. Co. v. Hodnett,* 36 Ga. 669. Similar holdings are to be found in *Baker County Power Co. v. Adkins,* 169 Ga. 187 (149 SE 910); *Smith v. Merck,* 206 Ga. 361(1) (57 SE2d 326); *Kirven v. Blackett,* 208 Ga. 178 (65 SE2d 791); *Bucher v. Christopher,* 211 Ga. 317 (85 SE2d 760); *Bucher v. Murray,* 212 Ga. 259 (91 SE2d 610); *Sutton v. McMillan,* 213 Ga. 90 (4) (97 SE2d 139); *Rushing v. Bashlor,* 219 Ga. 119 (131 SE2d 775), and perhaps others. But it is to be observed that in each of these cases the action was for

rescission of a deed, the consideration for which is alleged to have been the fraudulent representations and promises of the grantee made with no intention of performance. As was asserted in *Coral Gables,* and in the other cases, this type of fraud will *avoid any contract induced thereby.* It is called incipient fraud, —that which infects the contract from the beginning. Plaintiff in this action seeks no rescission of any contract induced by the fraud alleged, for none was made. When a solemn contract has been entered into and the rights of the parties are altered thereby, there can be no restoration of the status without a rescission. If no contract is made the status is not changed, and the rights of the parties remain the same. This is the basis of the rule in *Coral Gables* and cases following it.

Mr. Clinton's right of action for damages on account of injuries sustained accrued when the accident occurred. His right to bring an action for his injuries continued to exist throughout the ensuing two years, until it was terminated by the statute of limitations. If it be conceded that the representations and promises of a future settlement for his injuries could give rise to a cause of action, it would be a new cause of action—but would not and could not suspend either the existence of the old one or the running of the statute as to it. Once the statute begins to run it continues unless stopped or suspended by some event recognized in the law as having that effect. Representations or promises as to matters of a prospective nature, to take place at some time in the future, do not come within that category.

As we have indicated, we do not deal with an action to rescind a contract founded upon a fraudulent consideration. Our concern is wholly with the matter of whether the statute of limitations was tolled. "We wish to make it plain that there is a distinction between fraud that will entitle the plaintiff to bring an action for rescission and a fraud that would toll the running of the statute of limitations. While both of these frauds are included in the term 'legal fraud,' the fraud that tolls the statute is that branch of legal fraud known as actual fraud which 'debarred and deterred' the plaintiff from bringing his suit. A fraud which concealed the cause of action would be such a fraud (*Kirkley v. Sharp,* 98 Ga. 484, 489, 25 SE 562), when used in the sense of the

following definition: 'To constitute concealment of a cause of action so as to prevent the running of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent.' Black's Law Dictionary, 3rd ed. Whereas, the fraud that would entitle the plaintiff to bring an action for rescission may be either actual fraud, as above defined, or only constructive fraud . . . 'It is well to remember that the fraud in question is not that which gives, but that which conceals a cause of action.' *Kirkley v. Sharp,* supra. Relative to the fraud 'which gives a cause of action,' the plaintiff can, during the period fixed by the statute of limitations, rely upon the representation of the defendant and take it at its full face value (that is, in a sense, accept it unqualifiedly); but the fraud 'which conceals the cause of action' (that is, the fraud that 'debars or deters,' referred to in the *Code,* § 3-807), not being limited to any time, save the time of discovery, the plaintiff can not rely unqualifiedly upon such representation but must exercise ordinary care to discover it." *Middleton v. Pruden,* 57 Ga. App. 555, 560 (196 SE 259). And see *U. S. Cas. Co. v. Owens,* 109 Ga. App. 834 (137 SE2d 543).

There was no concealment of Clinton's cause of action. Though it may have been suggested to him that he refrain from seeking advice from independent sources, yet he was free to do it. The representations or promises as to matters to take place in the future did not amount to actual fraud. "A false promise to perform an act in the future is not a false pretense or false representation, although the other party acts thereon, and the same can not be made the basis of an action for damages for fraud." *Crozier v. Provident Life &c. Ins. Co.,* 53 Ga. App. 572, 574 (186 SE 719).

■ (a) The other allegation of fraud, concerning plaintiff's duties under the co-operation clause of his policy, was a representation as to the effect of the insurance contract. As such, it was a representation or expression of opinion as to a matter of law, which is not actionable unless there is a fiduciary relationship between the parties. *Swofford v. Glaze,* 207 Ga. 532 (63 SE2d

342); *Sherwin-Williams Co. v. St. Paul-Mercury Indem. Co.*, 97 Ga. App. 298 (102 SE2d 919); *Fields v. Fire &c. Ins. Co.*, 101 Ga. App. 561 (114 SE2d 540) and citations; *Drake v. Thyer Mfg. Co.*, 105 Ga. App. 20, 22 (2) (123 SE2d 457); *Bryant v. Motors Ins. Corp.*, 109 Ga. App. 47, 52 (3) (134 SE2d 905) and citations.

The petition alleges "a great confidential relationship" between plaintiff and State Farm and that State Farm was in "violation of a confidential and fiduciary relationship." However, specific facts are alleged which are the foundation of the conclusion of a fiduciary relationship, and we must examine these to determine whether they support the conclusion, even on general demurrer. See *Liberty Mut. Ins. Co. v. Lipscomb*, 56 Ga. App. 15 (2) (192 SE 56).

The allegations are that plaintiff was uneducated, not having obtained a grade school education, and was unable to read or write; that plaintiff was the insured under the medical pay portion of his policy with State Farm and that plaintiff was the claimant against Walker, who carried liability insurance with State Farm. The sum total of these allegations does not add up to a fiduciary or confidential relationship, defined in *Code* § 37-707 as "where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another; or where, from similar relation of mutual confidence, the law requires the utmost good faith; such as partners, principal and agent, etc." The fact that an unlearned and uneducated person reposes trust and confidence in another does not create a confidential relationship. *Dover v. Burns*, 186 Ga. 19, 26 (196 SE 785). While under *Aetna Cas. Co. v. Brooks*, 218 Ga. 593,[1] supra, the insurance company is the agent for the *insured* in adjusting liability claims *against him* under his policy, this does not make the company an agent in dealing with the insured's *own claim, under his own policy.* Thus, under the rule of *Aetna Cas. Co. v. Brooks*, supra, State Farm was the *agent of Walker*

---

[1] The rule of this case appears to have been changed by Ga. Laws 1963, p. 643, making the company an independent contractor in adjusting claims under the policy.

in any negotations that may have been had with Clinton looking to the adjustment of Clinton's claim against Walker under Walker's policy, though *not the agent of Clinton* in that respect or in the adjusting of his claim under the medical provisions of his own policy. Consequently there was no principal-agent relationship between Clinton and State Farm in connection with either policy or negotiations relative to claims under them, insofar as the subject matter of this action is concerned. *Hart v. Waldo,* 117 Ga. 590 (43 SE 998) (concurring opinion). See *Sherwin-Williams Co. v. St. Paul-Mercury Indem. Co.,* 97 Ga. App. 298, supra, *Fields v. Fire &c. Ins. Co.,* 101 Ga. App. 561, supra. The interest of plaintiff is obviously antagonistic to that of Walker and State Farm and he dealt at arm's length with respect to his personal injury claim against Walker. The element of a fiduciary or confidential relationship being lacking, the representation of law allegedly made to plaintiff does not constitute actionable fraud under the authorities cited above.

■ Since no actionable fraud appears in the petition, the bar of the statute of limitations is not removed under *Code* § 3-807. Therefore, even if State Farm could be held for the personal injuries to plaintiff, its general demurrer based on the statute of limitations was properly sustained as was Walker's general demurrer.

This ruling makes unnecessary any determination of the correctness as to rulings on the demurrers as to multifariousness, duplicity or misjoinder.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*