111 Ga. App. 532 (1965)
142 S.E.2d 313
ADAMSON
v.
MADDOX.
41159.
Court of Appeals of Georgia.
Submitted February 3, 1965.
Decided April 6, 1965.
*533 Victor Higgins, Barrett & Hayes, Mose S. Hayes, for plaintiff in error.
Grant, Spears & Duckworth, Wm. G. Grant, Hodges & Oliver, G. Robert Oliver, contra.
BELL, Presiding Judge.
1. As the plaintiff amended his petition to meet the order sustaining the general demurrer to the original petition and allowing him time within which to amend the petition, he thereby acquiesced in the order, and cannot now be heard to object to it. Sherling v. Continental Trust Co., 175 Ga. 672 (1) (165 SE 560); Stainback v. Dunn, 53 Ga. App. 464, 465 (3) (186 SE 220). The holdings of these cases have been reinstated by the amendment to Code Ann. § 81-1001 found in *534 Ga. L. 1962, p. 682. If plaintiff desired to stand upon the petition as filed, he should have refused to amend. This court will not consider plaintiff's assignment of error upon the trial court's order sustaining the demurrer to the original petition.
2. Plaintiff admits that the contract prepared by defendant was invalid because of the insufficient description of the land that was the subject matter of the contract. He even bases his action upon the premise, claiming that the property was "tied up" by an invalid contract for its sale and that he was thus deprived of the commission that he expected to receive for selling the property.
The contract is also invalid for another reason. The petition avers that plaintiff was agent for the owner of the land "prior to March 26, 1963," while the contract attached as an exhibit to the petition shows that it was executed by plaintiff on April 3, 1963. In the absence of any positive indication that plaintiff was authorized to execute the instrument for the owner on April 3, 1963, we cannot assume that plaintiff's authority as agent extended beyond the time alleged.
It requires no degree of perspicacity to comprehend that if the contract was unenforceable the property was not "tied up." All rights in the property were unaffected by the invalid agreement. Plaintiff cannot plead, in effect, that the property was unaffected and at the same time claim damages for an artifice affecting the property, for legally and logically his claim is a non sequitur.
3. There is no merit in plaintiff's contention that defendant committed fraud by promising several times "to go ahead and close the transaction," when defendant "did not have any intention of going through with the deal at any time." The general rule is that "Fraud cannot be predicated upon statements which are promissory in their nature as to future acts." Jackson v. Brown, 209 Ga. 78, 80 (2) (70 SE2d 756); Beach v. Fleming, 214 Ga. 303, 306 (104 SE2d 427); S. & S. Builders v. Equitable Investment Corp., 219 Ga. 557, 564 (4) (134 SE2d 777); Rogers v. Sinclair Refining Co., 49 Ga. App. 72, 74 (174 SE 207); Monroe v. Goldberg, 80 Ga. App. 770, 775 (57 SE2d 448). On the other hand, "When a promise is made with no intention of performance, *535 and for the very purpose of accomplishing a fraud, it is a most apt and effectual means to that end, and the victim has a remedy by action or defense." Floyd v. Morgan, 62 Ga. App. 711, 715 (5) (9 SE2d 717); Johnston v. Dollar, 83 Ga. App. 219, 223 (3) (63 SE2d 408); Hill v. Stewart, 93 Ga. App. 792, 796 (92 SE2d 829). See Coral Gables Corp. v. Hamilton, 168 Ga. 182, 194-199 (147 SE 494). Cf. Thomson v. McLaughlin, 13 Ga. App. 334, 337 (79 SE 182).
We do not believe that the latter rule can be extended to include those cases in which the promise upon which the promisor is charged with fraud is for any reason unenforceable at the time of its utterance. "Misrepresentations are not actionable unless the hearer was justified in relying on them in the exercise of common prudence and diligence." Daugert v. Holland Furnace Co., 107 Ga. App. 566, 569 (130 SE2d 763) and citations. It is contrary to common sense to rely upon a promise that is not legally binding upon the person making it. "To make the following obligations binding on the promisor, the promise must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized, viz . . . Any contract for sale of lands, or any interest in, or concerning them." Code § 20-401 (4). This is merely the most obvious one of several reasons why the defendant's statements that he would complete the transaction were not binding upon defendant. It is elementary that plaintiff must be charged with knowledge of the law. Thus knowing defendant's promises to be unenforceable, plaintiff was not justified in relying upon them.
Judgment affirmed. Frankum and Hall, JJ., concur.