41698.  WOOD et al. v. NOLAND CREDIT COMPANY.

BELL, Presiding Judge.  Noland Credit Company brought this suit upon a note against Helen Wood and J. W. Wood, Jr., as makers.  The petition alleged that plaintiff was holder of the note, in the amount of $911.28 including principal and interest to maturity, by virtue of assignment from Imperial Enterprises, the named payee.  Defendants filed an answer and a cross action, both of which were dismissed on general demurrer.  Defendants took this appeal from the trial court's judgment sustaining plaintiff's general demurrers.  The promissory note sued sued upon was made by defendants in payment of the purchase price of a "built-in" vacuum cleaning system sold them by Imperial Enterprises, the payee.  When the sale was made, J. W. Wood, Jr., and Imperial Enterprises entered into a "referral sales agreement" by which Imperial promised to compensate Wood in specified sums for appointments with and sales made to prospective customers whose names Wood might furnish to Imperial.  Defendants base their defense and their cross action upon the contention that Imperial's promises to compensate Wood for referral sales and appointments amounted to fraud in the inducement of the sales contract.  *Held:*

1. To amount to fraud, a representation "must relate to past or existing facts and cannot consist of mere broken promises, unfulfilled predictions, or erroneous conjectures as to future events. . .  Ordinarily, promises to perform some act in the future will not amount to fraud in legal acceptation."  *Rogers v. Sinclair Refining Co.*, 49 Ga. App. 72, 73-74 (174 SE 207).  See also *Jackson v. Brown*, 209 Ga. 78 (2) (70 SE2d 756); *Beach v. Fleming*, 214 Ga. 303 (104 SE2d 427); *S & S Builders, Inc. v. Equitable Investment Corp.*, 219 Ga. 557, 564 (134 SE2d 777); *Thomson v. McLaughlin*, 13 Ga. App. 334, 337 (79 SE 182); *Monroe v. Goldberg*, 80 Ga. App. 770, 775 (57 SE2d 448).  The allegations of fraud in defendants' cross action and answer failed to state any cause of action or defense grounded upon fraud.

2. "Where in an answer by paragraphs to a petition bringing suit on a promissory note, a defendant makes in answer to one paragraph a general denial of the indebtedness as alleged in the petition, and such answer nowhere sets up any legal defense, such denial is in effect a plea of the general issue, and was properly stricken on demurrer." *Kingery v. Yancey Bros. Co.*, 100 Ga. App. 178, 180 (110 SE2d 411) and citations. The allegation in defendants' answer denying the paragraph of plaintiff's petition alleging the indebtedness is insufficient as a defense against recovery for the principal and interest on the note.

3. Moreover, defendants' allegation that defendants could neither admit nor deny, for want of sufficient information, plaintiff's allegations that defendants were given the notice required by *Code Ann.* § 20-506 of plaintiff's intention to file suit on the note, is insufficient as a defense on the issue of attorneys fees. An answer is evasive when it refuses either to admit or deny a matter as to which the defendant is necessarily presumed to have knowledge. *Gaynor v. Travelers Ins. Co.*, 12 Ga. App. 601 (2) (77 SE 1072). "Where facts are charged to be within the knowledge of a party, or where from all the circumstances such knowledge is necessarily presumed, and he . . . makes an evasive answer, the charge is to be taken as true." *Code* § 81-308.

The trial court did not err in sustaining plaintiff's general demurrers to defendants' answer and to the cross action.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

ARGUED JANUARY 11, 1966—DECIDED MAY 26, 1966.

*Johnson & Johnson, William P. Johnson,* for appellants.
*William J. Wiggins,* for appellee.