48471. ROBINSON v. A. CONSTRUCTION COMPANY et al.

ARGUED SEPTEMBER 12, 1973 — DECIDED OCTOBER 4, 1973 —
REHEARING DENIED OCTOBER 24, 1973 —

*T. J. Lewis, Jr.,* for appellant.

*King & Spalding, Jack H. Watson, Jr., C. David Vaughan,* for appellees.

DEEN, Judge. █ The appellees have filed a motion to dismiss the appeal in this court on the stated ground that, there being no certificate of immediate review appended, and the case being still pending against Scarbrough and the A. Construction Co. in the trial court, the appeal is premature. The motion is denied. Basically, this is an action for damages for fraud and deceit based on certain alleged misrepresentations of two employees of Atlanta Housing Authority and Urban Renewal whose duties consisted in acting as inspectors, supervisors, and rehabilitation advisors for owners of property located within the Model Cities Redevelopment Project, as a result of which the plaintiff was induced to sign a contract with a private contractor to do unnecessary work at a grossly inflated price. In furtherance of the conspiracy and concert of action between the inspectors and the private contractor, and for the alleged mutual and illegal gain of these parties jointly, these defendants are further charged with failing to see that the work contracted for was in fact done, and with knowingly signing final certificates of approval and taking other actions the result of which was to obligate the plaintiff on federally insured loans for unconscionable sums from which no value accrued to her. The appellee defendants are thus alleged to have been an integral part of a conspiracy to defraud the plaintiff. The liability of co-conspirators is joint and several. *Cook v. Robinson,* 216 Ga. 328 (116 SE2d 742); *Nottingham v. Wrigley,* 221 Ga. 386 (144 SE2d 749); *Quinn v. Forsyth,* 116 Ga. App. 611 (158 SE2d 686). Where the right of action is joint and several, an appeal from an order dismissing less than all of the parties defendant will lie without obtaining a certificate of appealability from the trial judge. *Robinson v. Bomar,* 122 Ga. App. 564 (1) (177 SE2d 815). This court has jurisdiction of the appeal.

█ The motion to dismiss for failure to state a claim is grounded primarily on the contention that the plaintiff has failed to allege

facts which, if proved, would uphold her conspiracy theory as to Walker and Dennis, and has failed to allege fraud with the degree of specificity required by Code Ann. § 81A-109 (b). The circumstances must show that the defendant made the misrepresentations on which the action is founded knowing they were false, with the intention of deceiving the plaintiff, that the plaintiff did in fact rely on the representations and was deceived thereby, and suffered damage as a result. In considering whether this petition measures up to these criteria we look to the following allegations: although Dennis and Walker were compelled by law to, and assured the plaintiff that they had, secured three competitive bids for the repair of the property, they either did not do so, or else selected three firms known to them to give benefits to the officials setting up such deals; the contract required the work to be completed in 30 days, but more than three months later, with the contract not completed, plaintiff was in a situation where she was obligated for monthly loan payments but the house was still in an unrentable condition. The defendant appellees then told her that she would have to sign an acceptance certificate, promising falsely that if she did so they would see that the work was in fact completed, but they on the contrary merely signed a certificate of final inspection. They knowingly falsely represented to her: that if she did not have the house remodeled under the Model Cities program it would be condemned; that they would procure a competent contractor for her; that A. Construction was a competent qualified contractor; that they would have competitive bids taken, and that $25,216 was a fair contract price for the remodeling (knowing at the time of making such statement that a fair price would not be more than $10,000). It is alleged that these and other statements of fact were made, knowing them to be untrue, for the purpose of forcing the plaintiff first to sign the contract with A. Construction and secondly to sign a false certificate of acceptance, and that because of her reliance on them the plaintiff was induced to enter into the contract with A. Construction Company, suffering damage because (a) the contract price was inflated over twice its true value; (b) the work was never finished, and (c) certain of the work which was done was below standard, unacceptable, and worthless. "A petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *American Southern Ins. Co. v. Kirkland,* 118 Ga. App. 170 (162 SE2d 862)." *Byrd v. Ford Motor*

*Co.,* 118 Ga. App. 333 (2) (163 SE2d 327). Since this action sounds in tort it is irrelevant that the appellees were not signatory parties to the construction contract between A. Construction Co. and the plaintiff, the question being whether they had an illicit understanding with this company for the purpose of mulcting the plaintiff by means of inflated costs and shoddy workmanship. It is true that the plaintiff fails to allege the details of any such agreement and that, without proof of its existence she cannot recover, but the misrepresentations alleged do not, as contended by appellees, go merely to opinions of future events. The appellees cite *Clinton v. State Farm Mutual Automobile Ins. Co.,* 110 Ga. App. 417 (138 SE2d 687); *Ambrose v. Brooks,* 109 Ga. App. 881 (137 SE2d 573) and *Williams v. Dougherty County,* 101 Ga. App. 193 (113 SE2d 168), all of which were decided under the former law upon general demurrer, and none of which are controlling here.

"Prior to the enactment of the Georgia Civil Practice Act, all the pleadings were construed most strongly against the pleader when demurrers or similar motions were being considered, and conclusions unsupported by allegations of fact would not withstand such attacks. Since the effective date of the Civil Practice Act, the rule has generally been otherwise." *Martin v. Approved Bancredit Corp.,* 224 Ga. 550 (1) (163 SE2d 885). As to allegations of fraud, while the rule remains the same in that allegations of fact must be alleged, it has been changed to the extent that, on a motion to dismiss, the allegations will not be construed strongly against the pleader but will be "so construed as to do substantial justice." Code Ann. § 81A-108. The complaint was sufficient as against the motion to dismiss.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*